IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PENNSYLVANIA EMPLOYEES BENEFIT TRUST FUND, on behalf of itself and all others similarly situated,<br><br>                    Plaintiff,<br><br>         vs.<br><br>ZENECA, INC.; and ASTRAZENECA PHARMACEUTICALS, L.P.,<br><br>                    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: Civil Action No. 1:05-cv-75 (SLR)<br>:<br>:<br>:<br>:<br>:<br>: |

(*additional case captions appear on next page*)

## PLAINTIFFS' JOINT BRIEF IN SUPPORT OF ENTRY OF
## PROPOSED PRETRIAL ORDER NO. 1

<div style="margin-left:40%">

Pamela S. Tikellis (D.S.B.A. No. 2172)
Robert J. Kriner, Jr. (D.S.B.A. No. 2546)
A. Zachary Naylor (D.S.B.A. No. 4439)
Robert R. Davis (D.S.B.A. No. 4536)
CHIMICLES & TIKELLIS LLP
One Rodney Square
P.O. Box 1035
Wilmington, Delaware 19899
(302) 656-2500

</div>

Dated: April 22, 2005

LINDA A. WATTERS, Commissioner, Offices of :
Financial and Insurance Services for the State of Michigan :
in her capacity as Rehabilitator of The Wellness Plan and :
in her capacity as Liquidator of Michigan Health :
Maintenance Organization Plans, Inc., formerly known as :
OmniCare Health Plan, Inc., individually and on behalf of : Civil Action No. 1:05-cv-196 (SLR)
all others similarly situated :
                                                          :
                    Plaintiff,                            :
        vs.                                               :
                                                          :
ASTRAZENECA PHARMACEUTICALS, LP, and                      :
ZENECA, INC.,                                             :
                                                          :
                    Defendants.                           :
                                                          :

JOSEPH MACKEN, on behalf of himself and all others
similarly situated,                                       :
                                                          :
                    Plaintiff,                            :
        vs.                                               :
                                                          : Civil Action No. 1:05-cv-220 (SLR)
ASTRAZENECA PHARMACEUTICALS LP; AND                       :
ZENECA, INC.,                                             :
                                                          :
                    Defendants.                           :
                                                          :

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. ii

BACKGROUND ........................................................................................................... 1

ARGUMENT ............................................................................................................... 2

A.    Proposed Pretrial Order No. 1 Consolidates the Related
      Actions and Establishes Procedures for Managing this
      Litigation Efficiently............................................................................................ 3

B.    The Court Should Appoint Proposed Interim Class Counsel
      to Act On Behalf of the Putative Class ................................................................ 5

      1.    Proposed Interim Co-Lead Counsel Have Worked Diligently In
            Pursuing Claims on Behalf of the Class ....................................................... 6

      2.    Proposed Interim Co-Lead Counsel Are Experienced in Handling
            Pharmaceutical Class Action Cases, Are Knowledgeable About the
            Applicable Law, and Are Prepared to Commit Considerable
            Resources to Representing the Class ............................................................ 8

      3.    The Appointment of Proposed Interim Class Counsel is Supported
            by Counsel for All End-Payor Plaintiffs..................................................... 13

      4.    Proposed Interim Class Counsel Will Fairly and
            Adequately Represent the Interests of the Class......................................... 14

CONCLUSION................................................................................................................ 15

# TABLE OF AUTHORITIES

## FEDERAL CASES

In re Warfarin Sodium Antitrust Litigation,
        391 F.3d 516 (3d Cir. 2004).................................................................................................12

Coleman v. General Motors Acceptance Corp.,
        220 F.R.D. 64 (M.D. Tenn. 2004) .......................................................................................6

In re Cree, Inc. Sec. Litigation,
        219 F.R.D. 369 (M.D.N.C. 2003) .......................................................................................6

Georgine v. Amchem Products, Inc.,
        83 F.3d 610 (3d Cir. 1996), ...............................................................................................13

Hoxworth v. Blinder, Robinson & Co., Inc.,
        980 F.2d 912 (3rd Cir. 1992) .............................................................................................14

In re Terazosin Hydrochloride Antitrust Litigation,
        220 F.R.D. 672 (S.D. Fla. 2004).........................................................................................11

Third Circuit Task Force Report on Selection of Class Counsel,
        208 F.R.D. 340 (3d Cir. 2002).....................................................................................5, 13

Varacallo v. Massachusetts Mutual Life Insurance Co.,
        226 F.R.D. 207 (D.N.J. 2005).............................................................................................14

## STATE CASES

Greater Pennsylvania Carpenters Pension Fund v. Adolor Corp.,
        2004 WL 3019235 (December 29, 2004 E.D.Pa.).............................................................14

## DOCKETED CASES

## FEDERAL STATUTES

Fed. R. Civ. P. 23(g) .....................................................................................................................1, 5,
                                                                                                                        6, 11

Fed. R. Civ. P. 42(a) ......................................................................................................................2, 3

## MISCELLANEOUS

Manual for Complex Litigation (Fourth)...........................................................................passim

Newberg on Class Action (4th Ed.)...................................................................4

Plaintiffs in the above-captioned actions jointly submit this brief in support of their motion for the entry of the proposed pretrial order attached hereto as Exhibit 1 ("Proposed Pretrial Order No. 1"), which: (i) consolidates these related cases and establishes case management procedures for the efficient conduct of this litigation; and (ii) appoints the three firms identified herein to serve as interim co-lead counsel and interim liaison counsel pursuant to Fed. R. Civ. P. 23(g).

## BACKGROUND

The three actions that are the subject of this motion have been brought by a consumer and two third-party payors (collectively, "End-Payor Plaintiffs") who have paid for the prescription drug Nexium, which is manufactured and marketed by the defendants (together, "AstraZeneca" or "Defendants"). There is significant overlap in the legal theories asserted in the three cases and the thrust of each case is the same – that Defendants engaged in unfair, deceptive and misleading sales practices in marketing Nexium to the detriment of those who bought it.

Plaintiffs provided a draft of the Proposed Pretrial Order No. 1 to Defendants on April 8, 2005. Plaintiffs then had several telephonic conferences with Defendants. Thereafter, Plaintiffs provided a revised draft on Wednesday, April 20, 2005. Plaintiffs explained that Defendants should submit their proposed edits to the draft by close of business on Thursday, April 21, 2005 because Plaintiffs would be seeking entry of Proposed Pretrial Order No. 1 on Friday, April 22, 2005. Defendants did not provide their comments in a timely manner. Notwithstanding their lack of timely written comments, Defendants have consented to the following relief provided in Proposed

Pretrial Order No. 1: (1) consolidation of the above-captioned cases; (2) suspension of the briefing schedule of the Pennsylvania Employees Benefit Trust Fund Case; and (3) leave for Proposed Interim Co-Lead Counsel to file a Consolidated Class Action Complaint on or before May 27, 2005.

## ARGUMENT

End-Payor Plaintiffs propose that the three cases be consolidated pursuant to Fed. R. Civ. P. 42(a), that a consolidated class action complaint be filed, that the case management procedures set forth in Proposed Pretrial Order No. 1 be adopted. End-Payor Plaintiffs further propose that, subject to Court approval, the following three firms serve as interim co-lead counsel:    Goodkind Labaton Rudoff & Sucharow LLP ("Goodkind Labaton"), Hagens Berman Sobol Shapiro LLP ("Hagens Berman"), and Spector, Roseman & Kodroff, P.C. ("Spector Roseman") (collectively, "Proposed Interim Co-Lead Counsel").    Finally, End-Payor Plaintiffs propose that, subject to Court approval, the firm of Chimicles & Tikellis LLP serve as interim liaison counsel ("Proposed Interim Liaison Counsel") (together with Proposed Interim Co-Lead Counsel, "Proposed Interim Class Counsel"), and that Miller Faucher & Cafferty LLP and Zimmerman Reed, P.L.L.P. serve as allocation counsel for consumer and third-party payor Plaintiffs, respectively, in the event a settlement requires the allocation of funds.

For the reasons stated below, Plaintiffs respectfully request that the Court enter the attached Proposed Pretrial Order No. 1.

**A.     Proposed   Pretrial   Order   No.   1
Consolidates  the  Related  Actions  and
Establishes Procedures for Managing this
Litigation Efficiently.**

Proposed Pretrial Order No. 1 orders the consolidation of the class action cases. *See* Fed. R. Civ. P. 42(a) ("When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.").

Proposed Pretrial Order No. 1 further establishes orderly procedures for the captioning, filing, and docketing of papers in the consolidated actions and in any cases that may hereafter be filed in or transferred to this Court. These procedures include the establishment of a master docket for the filing of papers relating generally to each of the consolidated cases and the preservation of separate dockets for the filing of papers raising issues peculiar to individual actions. *See Manual for Complex Litigation* (Fourth) (the "*Manual*" or "MCL 4th"), § 11.12 at 34 ("creating a single master file for the litigation, eliminating the need for multiple filings of similar documents when related cases have common parties" an accepted pretrial procedure).

Paragraph 19 of Proposed Pretrial Order No. 1 streamlines the procedure for service of papers. It relieves Defendants of the burden of serving all of the attorneys who have appeared, or who may in the future appear, as counsel for plaintiffs in the current and any future class action complaints in this matter. Instead, Defendants need only serve Proposed Interim Liaison Counsel and Proposed Interim Co-Lead Counsel. These

service procedures are recommended in complex litigations. *See* MCL 4th, § 10.221 at 24-25.

Proposed Pretrial Order No. 1 also sets forth criteria for case management by Proposed Interim Class Counsel. As suggested by the *Manual*, Proposed Interim Co-Lead Counsel are charged with the responsibility for the day-to-day conduct of the litigation and for carrying out the Orders of the Court concerning the conduct of the litigation. The *Manual* states that lead counsel's duties include the following:

> formulating . . . and presenting positions on substantive and procedure issues during the litigation, and . . . presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.

MCL 4th, § 10.221 at 25. Co-Lead Counsel also are charged with the responsibility for monitoring the time and expenses of all plaintiffs' counsel to ensure that this litigation is conducted efficiently and without duplication. Sharing the lead counsel position by multiple firms is contemplated by leading authorities on class action matters. *See* MCL 4th, § 10.221 at 25; *Newberg on Class Actions* (4th ed.), § 9.35 at 9-99.

End-Payor Plaintiffs' proposed leadership structure for Interim Class Counsel also provides Defendants with the certainty of knowing that they can efficiently negotiate and address matters of common interest with a discrete group of experienced counsel speaking with the authority of all class plaintiffs' counsel. Proposed Pretrial Order No. 1 therefore will promote the orderly and efficient conduct of this litigation. *See* MCL 4th, §§ 10.221, 10.222 at 25-26.

**B.    The Court Should Appoint Proposed Interim Class Counsel to Act On Behalf of the Putative Class.**

As described below, the proposed structure for Interim Class Counsel comports with the standards established in Federal Rule of Civil Procedure 23(g) and the recommendations set forth in the *Manual*. Proposed Interim Co-Lead Counsel have a wealth of experience in litigating complex consumer fraud, antitrust, and other class action matters, and Proposed Interim Liaison Counsel are eminent and experienced members of the Delaware Bar who have extensive litigation and trial experience.

In considering the appointment of class counsel under Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court is instructed to evaluate the following factors to determine whether class counsel can fairly and adequately represent the interests of the class:

> (B)    In appointing class counsel, the court
>
> > (i)    must consider:
> >
> > * the work counsel has done in identifying or investigating potential claims in the action,
> >
> > * counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,
> >
> > * counsel's knowledge of the applicable law, and
> >
> > * the resources counsel will commit to representing the class;
> >
> > (ii)    may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class . . . .

Fed. R. Civ. P. 23(g)(1).

Rule 23(g) has only been effective since December 1, 2003. Courts interpreting Rule 23(g) to date have followed the Advisory Committee notes related thereto, and found that "the primary responsibility of class counsel, resulting from appointment as such, is to represent the best interests of the class." *Coleman v. General Motors Acceptance Corp.*, 220 F.R.D. 64 (M.D. Tenn. 2004); *see also In re Cree, Inc. Sec. Litig.*, 219 F.R.D. 369 (M.D.N.C. 2003). Pursuant to Rule 23(g), the Court may also designate interim class counsel to act on behalf of a putative class before determining whether to certify the class as a class action. Fed. R. Civ. P. 23(g)(2)(A). Because Proposed Interim Class Counsel satisfy all of the requirements for Rule 23(g), because appointment of interim class counsel is necessary and appropriate to the administration of these class action cases, and because counsel for all End-Payor Plaintiffs believe that this is the most effective structure to manage this litigation and represent their views, End-Payor Plaintiffs' motion should be granted.

### 1.    Proposed Interim Co-Lead Counsel Have Worked Diligently In Pursuing Claims on Behalf of the Class.

All three Proposed Interim Co-Lead Counsel firms have already expended considerable time and effort in, *inter alia*, investigating the underlying facts alleged in the complaints, evaluating potential legal claims, drafting complaints, conducting independent factual research, and interviewing, retaining and consulting with subject matter experts in disciplines relevant to this litigation. Indeed, Hagens Berman is also counsel in a case against Defendants that was first filed in California State Court on October 18, 2004, asserting claims based on the same set of operative facts under

California state law.[1]  This was the first case filed in the nation challenging the conduct at issue in this litigation.  Likewise, Goodkind Labaton is also counsel in a case filed in Delaware Superior Court on November 18, 2004, asserting Delaware statutory and common law claims against Defendants.[2]   Spector Roseman, counsel for plaintiff Pennsylvania Employees Benefit Trust Fund, filed the first federal case asserting consumer fraud and related claims against Defendants concerning Nexium.

Moreover, the firms End-Payor Plaintiffs propose for leadership roles in this proceeding have, as reflected by this motion and other activities, begun to coordinate their efforts in this litigation.  They negotiated with Defendants in connection with the submission of this motion.  Proposed Interim Co-Lead Counsel will also be submitting to Defendants' counsel a protective order regarding confidentiality of documents, and a pretrial schedule concerning discovery, amendment to pleadings, class certification issues, and dispositive motion practice.

In addition, these firms have worked cooperatively in the past on similar class action, complex and multidistrict litigations.  Consequently, this history of cooperation and efficiency lends itself to this group's ability to prosecute this litigation competently and efficiently.  Their efforts to date justify their appointment as interim co-lead counsel.

---

[1]   *AFL-CIO v. AstraZeneca Pharm.L.P., et al.*, Case No. BC 323107 (Cal. Sup. Ct., Los Angeles Co.).  Hagens Berman also filed a case in Massachusetts state court on January 25, 2005.   *See Commonwealth Care Alliance, et al., v. AstraZeneca Pharmaceuticals L.P., et al.*, Civil Action No. 05-0269 (Mass. Sup. Ct., Suffolk Co.).

[2]   *Teamsters Local 237 Welfare Fund v. AstraZeneca Pharm. L.P., et al.*, Civil Action No. 04C-11-191-CHT (Del. Super. Ct., New Castle Co.).

2. **Proposed Interim Co-Lead Counsel Are Experienced in Handling Pharmaceutical Class Action Cases, Are Knowledgeable About the Applicable Law, and Are Prepared to Commit Considerable Resources to Representing the Class.**

Proposed Interim Co-Lead Counsel are among the most experienced attorneys in the country in the prosecution of consolidated class action cases involving consumer fraud or other anticompetitive conduct pertaining to pharmaceuticals. In addition, these firms have repeatedly served as lead or co-lead counsel in cases involving marketing and pricing in a wide variety of industries, including industrial chemicals, bulk vitamins, consumer products and securities.[3] All three Proposed Interim Class Co-Lead Counsel firms possess extensive knowledge of the applicable law. As such, these firms know the current state, as well as the history and trends, of consumer fraud and class action law. Moreover, as their resumes amply demonstrate, these firms were – and still are – instrumental in shaping the field of class action litigation.

For instance, the firms comprising Proposed Interim Co-Lead Counsel here have served, either individually or jointly, as lead or co-lead counsel in the following class action cases, among others, involving pharmaceutical products:

- *In re Warfarin Sodium Antitrust Litigation*, MDL No. 1232 (D. Del.). $44.5 million settlement. Goodkind Labaton among co-lead counsel. Defendant DuPont Pharmaceuticals Company was alleged to have disseminated false and misleading information to the public claiming that AB-rated and less expensive versions of its warfarin sodium product, Coumadin®, were neither the therapeutic equivalent nor bioequivalent of Coumadin®.

---

[3]    Resumes for Proposed Interim Co-Lead Counsel are annexed hereto as Exhibits 2 through 4. Additional information about the qualifications of Proposed Interim Co-Lead Counsel is available on their respective firm web pages. *See* http://www.glrslaw.com, http://www.hagens-berman.com, and http://www.srk-law.com.

- *In re Augmentin®  Antitrust Litigation*, Docket No. 2:02cv442 (D. Va.). $29 million settlement on behalf of consumers and third-party payors. Hagens Berman among co-lead counsel; Goodkind Labaton allocation counsel on behalf of third-party payors. Litigation against Glaxo SmithKline Corporation and its predecessors alleging a pattern and practice of sham litigation and fraudulent procurement of a patent relating to the broad spectrum antibiotic, Augmentin®.

- *In re Average Wholesale Price Litigation*, MDL No. 1456 (D. Mass.). Case pending. Spector Roseman and Hagens Berman among co-lead counsel; Hagens Berman appointed Special Attorney General on behalf of the State of Nevada, and Special Counsel on behalf of the State of Montana, in prosecuting pharmaceutical pricing claims.

- *In re Buspirone Antitrust Litigation*, MDL No. 1413 (S.D.N.Y.). $90 million settlement to consumers in certain states and third-party payors nationwide. Goodkind Labaton among co-lead counsel.   Case alleged that Bristol-Myers Squibb Company engaged in anti-competitive conduct by improperly extending the monopoly in the market for the anti-anxiety drug sold under the brand name BuSpar®.

- *J.B.D.L. Corp. v. Wyeth-Ayerst Laboratories, Inc. (Premarin)* (S.D. Ohio). Case pending. Spector Roseman among co-lead counsel. Defendant is alleged to have wielded market power over pharmacy benefit managers, managed care organizations and others by forcing them to enter into contracts that prohibited or restricted them from offering to their covered members a product that competed with Premarin.

- *In re K-Dur Antitrust Litigation*, MDL 1419 (D.N.J.). Case pending. Spector Roseman among co-lead counsel. Defendant brand-name and generic drug manufacturers are alleged to have entered into anticompetitive agreements, thus creating a bottleneck that prevented generic manufacturers from marketing generic equivalent of Schering potassium supplement K-Dur.

- *Kleinman v. Merck & Co., Inc. (Vioxx)*, L-3954-04 (N.J. Super. L. 2004). Case pending. Spector Roseman among co-lead counsel.

- *In re Lorazepam and Clorazepate Antitrust Litigation*, MDL No. 1290 (D.D.C.). $135 million in total settlements on behalf of consumers and third-party payors. Goodkind Labaton among co-lead counsel in actions jointly litigated with the Federal Trade Commission and various state Attorneys General.   Defendant Mylan was accused of taking actions to limit or stop the supply of raw materials necessary for competitors to manufacture products in competition with its own.

- *In re Lupron Marketing and Sales Practices Litigation*, MDL No. 1430 (D. Mass.). $150 million settlement on behalf of consumers and third-party payors. Spector Roseman and Hagens Berman among co-lead counsel; Hagens Berman was also liaison counsel. Case alleged widespread fraudulent marketing and sales practices against TAP Pharmaceuticals, a joint venture between Abbott Laboratories and Takeda Pharmaceuticals, Inc., and it follows TAP's agreement to pay $875 million in combined criminal and civil penalties regarding marketing and sales practices for the prostate cancer drug Lupron.

- *In re Neurontin® Marketing and Sales Practices Litigation*, MDL No. 1629 ( D. Mass.). Case Pending. Hagens Berman is liaison counsel for Plaintiffs and a member of the five-firm Plaintiffs Class Steering Committee. This lawsuit against Pfizer and its subsidiary, Parke-Davis, accuses the companies of circumventing FDA regulations to promote scientifically unproven "off-label" use of their drug Neurontin®.

- *In re Neurontin® Antitrust Litigation*, MDL No. 1479 (D.N.J.). Case pending. Hagens Berman among co-lead counsel representing consumers and third-party payors in this suit seeking injunctive relief and reimbursement for the artificially high price paid by consumers for Neurontin® as a result of Warner Lambert's antitrust violations and deceptive business practices, in an attempt to delay and prevent generic competition.

- *In re Paxil® Direct Purchaser Litigation*, Docket No. 03-4578 (E.D. Pa.). $100 million settlement. Hagens Berman and Spector Roseman among co-lead counsel. Litigation was on behalf of direct purchasers of the "blockbuster" selective serotonin reuptake inhibitor Paxil®. Suit alleged Glaxo SmithKline Corporation engaged in sham patent litigation with respect to certain patents, all in an effort to delay competition from the entry of a generic form of the drug.

- *In re Relafen Antitrust Litigation*, Civ. No. 01-12239-WGY (D. Mass.). $75 million settlement. Spector Roseman among co-lead counsel; Hagens Berman is liaison counsel. Litigation against Glaxo SmithKline Corporation and its predecessors alleging that defendant fraudulently obtained a patent to prevent a generic version of Relafen, a frequently prescribed brand name pharmaceutical, from coming to market. Litigated for about one and one-half years.

Proposed Interim Co-Lead Counsel firms also have the financial and professional resources necessary to prosecute the class' claims. Representing class plaintiffs in complex class action litigation easily can cost millions of dollars, even prior to certification, all of which class counsel must fund. *See In re Terazosin Hydrochloride*

- 10 -

*Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (approving class counsel pursuant
to Rule 23(g) and noting that proposed class counsel had "already [spent] approximately
$1,000,000 in prosecuting this action [prior to certification] and will continue to bear
substantial expenses to represent" the class).    The three firms comprising Proposed
Interim Co-Lead Counsel are among the oldest, largest, most experienced, and most
successful plaintiffs class action firms in the country.    Therefore, they clearly have the
resources and demonstrated capability needed to effectively prosecute the class claims.

Moreover, the institutional clients represented by Proposed Interim Class Counsel
are substantial entities.    Proposed Interim Class Counsel represent health and welfare
funds that have expended substantial sums of money on Nexium purchases for tens of
thousands of their members and their members' eligible dependents.    Thus, Proposed
Interim Class Counsel have a substantial interest in representing their clients and the
putative class as zealously as possible.    As such, the requirements of Rule 23(g) are
satisfied.

Finally, Plaintiffs' Proposed Interim Liaison Counsel, Chimicles & Tikellis LLP,
is a well-known firm experienced in complex litigation before this Court.    The firm
resume is attached hereto at Exhibit 5.[4]    As suggested by the *Manual*, liaison counsel has
responsibility for the maintenance and distribution of the up-to-date service list and the
distribution to all plaintiffs' counsel of Court Orders, pleadings and other documents.

---

[4]    Additional information about the qualifications of Chimicles & Tikellis LLP is
available on the firm's website: http://www.chimicles.com/.

*See* MCL 4th, §10.221 at 24. This firm's major case experience clearly demonstrates that it will be able to perform all necessary liaison counsel duties competently and efficiently.

In addition, Proposed Interim Co-Lead Counsel have put in place structural safeguards to protect the interests of both consumer and third-party payor plaintiffs. Proposed Pretrial Order No. 1 authorizes Interim Co-Lead Counsel to conduct settlement negotiations. *See* Proposed Pretrial Order No. 1, Paragraph 15(e). In that connection, Proposed Interim Co-Lead Counsel have approached two firms to act as allocation counsel on behalf of consumers and third-party payors, respectively, in the event Proposed Interim Co-Lead Counsel settle the litigation successfully on behalf of the putative class.

Subject to Court approval of Proposed Pretrial Order No. 1, the firm of Miller Faucher & Cafferty LLP has consented to act as allocation counsel on behalf of consumers, and the firm of Zimmerman Reed, P.L.L.P. has consented to act as allocation counsel on behalf of third-party payors.[5] Miller Faucher & Cafferty LLP is counsel for consumer plaintiff Joseph Macken, and Zimmerman Reed, P.L.L.P. is counsel for third-party payor plaintiff Linda A. Watters, Commissioner, Offices of Financial and Insurance Services for the State of Michigan in her capacity as Rehabilitator of The Wellness Plan and in her capacity as Liquidator of Michigan Health Maintenance Organization Plans, Inc. *Cf. In re Warfarin Sodium Antitrust Litigation*, 391 F.3d. 516, 533 (3d Cir. 2004) ("any potential for conflicts of interest between and among consumers and [third-party

---

[5]    Resumes for Miller Faucher & Cafferty LLP and Zimmerman Reed, P.L.L.P. are annexed hereto as Exhibits 6 through 7. Additional information about the qualifications of these firms is available on their respective firm web pages: http://www.millerfaucher.com and http://www.zimmreed.com.

payors] that may have arisen prior to and during the settlement negotiations were adequately represented by the presence of separate counsel for consumers and [third-party payors]."); *Georgine v. Amchem Products, Inc.*, 83 F.3d 610, 631 (3d Cir. 1996) (finding inadequate representation of different groups of plaintiffs where "structural protections to assure that differently situated plaintiffs negotiate for their own unique interests" were not in place), *aff'd, Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

### 3.    The Appointment of Proposed Interim Class Counsel is Supported by Counsel for All End-Payor Plaintiffs.

Not long ago, the *Third Circuit Task Force Report on Selection of Class Counsel*, 208 F.R.D. 340 (3d Cir. 2002), held hearings to determine what methods should be utilized in the selection of lead counsel in complex multiparty cases.  The Task Force noted that "case law and experience indicates that the dominant scenario for appointing Class Counsel is deference to private ordering."  *Id.* at 416.  Private ordering is simply allowing private counsel to agree among themselves about the leadership positions in multiparty cases.  The Task Force noted that the district court may defer to "private ordering" as long as the selected counsel are qualified and capable of providing effective representation to the class.  *Id.*  According to the Third Circuit Task Force, voluntary agreements among plaintiffs' counsel with appropriate judicial approval may lead to selection of the best lawyers.  208 F.R.D. at 348.

This consensus, as well as Proposed Interim Class Counsel's efforts to organize and coordinate their efforts at this early stage to avoid confusion and inefficiency in the

litigation of these actions, should be favorably considered by the Court in evaluating the appointment of interim class counsel.

        **4.**    **Proposed Interim Class Counsel Will Fairly and Adequately Represent the Interests of the Class.**

As demonstrated above, Proposed Interim Class Counsel are well qualified and enjoy the support of End-Payor Plaintiffs. Importantly, courts evaluating the adequacy of representation requirement at class certification have repeatedly held that a class is fairly and adequately represented where the plaintiff's attorney is "qualified, experienced, and generally able to conduct the proposed litigation." *Varacallo v. Massachusetts Mut. Life Ins. Co.*, 226 F.R.D. 207 (D.N.J. 2005). *See Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912 (3rd Cir. 1992) (same); *Greater Pennsylvania Carpenters Pension Fund v. Adolor Corp.*, 2004 WL 3019235 (December 29, 2004 E.D.Pa.) [appended as Exhibit 8] (same).

Proposed Interim Co-Lead Counsel have litigated and successfully resolved numerous consumer fraud, antitrust, and other class actions involving a broad spectrum of products and industries and would draw on their combined experiences and resources to zealously represent all class members in this litigation. All three firms have the experience necessary to successfully lead the *In re Purple Pill Consumer Fraud Litigation*, and all are committed to expending the necessary resources to litigate these cases to a successful resolution.

## CONCLUSION

Because the case management provisions and leadership structure in Proposed Pretrial Order No. 1 provide clear benefits to the plaintiff class and the Court in the management of this litigation, Plaintiffs respectfully request that the Court adopt and enter the attached Proposed Pretrial Order No. 1.

Dated:  April 22, 2005.

Respectfully submitted,

Pamela S. Tikellis (D.S.B.A. No. 2172)
Robert J. Kriner, Jr. (D.S.B.A. No. 2546)
A. Zachary Naylor (D.S.B.A. No. 4439)
Robert R. Davis (D.S.B.A. No. 4536)
CHIMICLES & TIKELLIS LLP
One Rodney Square
P.O. Box 1035
Wilmington, Delaware 19899
*Proposed Interim Liaison Counsel*

Barbara Hart
GOODKIND LABATON RUDOFF
 & SUCHAROW
100 Park Avenue
New York, New York  10017
*Proposed Interim Co-Lead Counsel*

Steve W. Berman
HAGENS BERMAN SOBOL
 SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle WA 98101
 -and-
Thomas M. Sobol
HAGENS BERMAN SOBOL
 SHAPIRO LLP
One Main Street, 4th  Floor
Cambridge, MA 02142
*Proposed Interim Co-Lead Counsel*

Jeffrey L. Kodroff
Theodore M. Lieverman
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, Pennsylvania  19103
*Proposed Interim Co-Lead Counsel*

- 15 -

***Of Counsel:***
Ronald S. Goldser
ZIMMERMAN REED, PLLP
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402
(612) 341-0400

Jason J. Thompson
CHARFOOS & CHRISTENSEN, P.C.
5510 Woodward Avenue
Detroit, MI 48202

James R. Malone, Jr.
Michael D. Gottsch
Daniel B. Scott
Timothy N. Mathews
CHIMICLES & TIKELLIS LLP
361 West Lancaster Avenue
Haverford, PA 19041

Ellen Meriwether
Bryan L. Clobes
MILLER FAUCHER and CAFFERTY
LLP
One Logan Square
18th & Cherry Streets, Suite 1700
Philadelphia, Pennsylvania 19103

L. Kendall Satterfield
Richard M. Volin
FINKELSTEIN, THOMPSON &
LOUGHRAN
1050 30th Street, N.W.
Washington, D.C. 20007

Robert S. Schachter
Joseph Lipofsky
Paul Kleidman
ZWERLING, SCHACHTER
  & ZWERLING, LLP
41 Madison Avenue
32nd Floor
New York, NY 10010

Jeffrey S. Goddess
ROSENTHAL MONHAIT GROSS &
   GODDESS, P.A.
919 Market Street, Suite 1401
Wilmington, DE 19801

Richard Kirschner
KIRSCHNER & GARTRELL
4910 Massachusetts Ave., NW
Suite 215
Washington, D.C. 20016