# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|   |   |   |
|---|---|---|
| | : | |
| **IN RE: PURPLE PILL** | : | Civil Action No. 1:05-cv-75 (SLR) |
| **CONSUMER FRAUD LITIGATION** | : | |
| | : | |
| | : | |

## [PROPOSED] PRETRIAL ORDER NO. 1

### I.   CONSOLIDATION OF CLASS ACTION CASES AND COORDINATION OF RELATED INDIVIDUAL ACTIONS

1.     The following class action cases, and all related class action cases subsequently filed in or transferred to this Court, shall be consolidated:

- *Pennsylvania Employees Benefit Trust Fund v. Zeneca, Inc. et al.*, C.A. No. 1:05-cv-75 (SLR),

- *Watters v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 1:05-cv-196 (SLR), and

- *Macken v. AstraZeneca Pharmaceuticals, LP, et al.*, C.A. No. 1:05-cv-220 (SLR)

The above-referenced cases will be referred to collectively as the "Class Action Cases."

2.     The Class Action Cases will be coordinated for pretrial proceedings with any individual related actions subsequently filed in or transferred to this Court, which will be referred to collectively as the "Related Individual Cases."

3.     The Class Action Cases and Related Individual Cases will be referred to collectively as the "Coordinated Action."

4.     This Order is made without prejudice to the right of any party to apply for a severance of any claim or action.

5.     The terms of this Order shall not have the effect of making any person, firm or corporation a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure.

## II.    MASTER DOCKET, MASTER FILE AND SEPARATE ACTION DOCKETS

6.    A Master Docket and a Master File are hereby established for the Coordinated Action. The Master File shall be Civil Action No.1:05-cv-75 (SLR). The original of this Order shall be filed with the Clerk of the Court in the Master File herein established. Entries in said Master Docket shall be applicable to this Coordinated Action as more fully set forth below.

7.    Separate dockets shall also be maintained for each related case subsequently filed in or transferred to this Court, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order or a future order of this Court.

8.    When a paper is filed and the caption shows that it is to be applicable to "ALL ACTIONS," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket. No further copies need to be filed, nor docket entries made.

When a paper is filed and the caption shows that it is to be applicable to less than all of the actions governed by this Order, the Clerk shall file the original of such paper in the Master File and in the file of each specific action to which the paper is intended to be applicable and note such filings in the Master Docket and all applicable case specific dockets.

## III.    CAPTION OF CASES

9.    Every pleading filed in the Coordinated Action shall bear the following caption:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
----------------------------------------------------x
IN RE: PURPLE PILL                     :     Master File No. 1:05-cv-75
CONSUMER FRAUD LITIGATION              :
----------------------------------------------------x
THIS DOCUMENT RELATES TO:              :     Hon. Sue L. Robinson, USDJ
                                       :
----------------------------------------------------x
```

- 2 -

10.    When a pleading or other court paper is intended to apply to all actions, the words "ALL ACTIONS" shall appear after the words "THIS DOCUMENT RELATES TO:" in the caption set out above.  When a pleading or other court paper is intended to be applicable only to one, some, but not all, of the actions governed by this Order, the party filing the pleading shall indicate the actions to which the pleading is intended to be applicable by separate caption and docket number or, if applicable to all the Class Action Cases or all the Related Individual Cases, it shall so indicate.

## IV.    SUBSEQUENTLY FILED AND TRANSFERRED ACTIONS

11.    When a related case is hereinafter filed in this Court or transferred to this Court from another court, the Clerk shall:

(a)    File a copy of this Order in the separate file for the related case;

(b)    Mail a copy of this Order to counsel for the Plaintiffs in the newly filed or transferred case and to any new Defendants in the newly filed or transferred case;

(c)    Mail a copy of this order to counsel for Plaintiffs and to counsel for Defendants in the Coordinated Action; and

(d)    Make an appropriate entry in the Master Docket.

12.    The Court requests the assistance of counsel in calling to the attention of the Clerk the filing or transfer of any case which might properly be coordinated or consolidated as part of the Coordinated Action.

13.    This Order shall apply to each case subsequently filed in or transferred to this Court, unless a party serves and files an application for relief from this Order or from any of its provisions within fifteen (15) days after the date on which the Clerk mails a copy of this Order to counsel for that party and this Court deems it appropriate to grant such application.

## V.    ORGANIZATION OF COUNSEL

14.    The Court designates the following firms to act as interim co-lead counsel on behalf of all Plaintiffs in the Class Action Cases:  Goodkind Labaton Rudoff & Sucharow LLP, Hagens Berman Sobol Shapiro LLP, and Spector, Roseman & Kodroff, P.C. (collectively "Interim Co-Lead Counsel").

15.    Interim Co-Lead Counsel shall have sole authority over the following matters on behalf of all Plaintiffs in the Class Action Cases:

(a)    the initiation, response, scheduling, briefing and arguing of all motions.  No motion shall be initiated or filed on behalf of any Plaintiff in the Class Action Cases except through Interim Co-Lead Counsel;

(b)    the coordination of Plaintiffs' pretrial activities and plan for trial;

(c)    the scope, order, and conduct of all discovery proceedings;

(d)    the designation of which attorneys may appear at hearings and conferences with the Court;

(e)    settlement negotiations with Defendants;

(f)    the calling of meetings of Plaintiffs' counsel when appropriate;

(g)    the conduct of all pretrial, trial and post-trial proceedings;

(h)    the retention of experts;

(i)    such work assignments to other Plaintiffs' counsel as they may deem appropriate to facilitate the orderly and efficient prosecution of this litigation;

(j)    other matters concerning the prosecution or resolution of these coordinated cases; and

(k)    coordination and communication with defense counsel with respect to matters addressed in this paragraph.

The Court appoints Chimicles & Tikellis LLP to act as interim liaison counsel for Plaintiffs in the Class Action Cases ("Interim Liaison Counsel").  The Court further appoints Miller Faucher & Cafferty LLP to act as allocation counsel on behalf of consumers, and Zimmerman Reed, P.L.L.P. to

act as allocation counsel on behalf of third-party payors, in the event that settlement negotiations conducted pursuant to Paragraph 15.e. result in the establishment of a settlement fund to be distributed to Plaintiffs in the Class Action Cases.

16.     Interim Co-Lead Counsel or Interim Liaison Counsel, at the request of Interim Co-Lead Counsel, shall have sole authority to communicate with Defendants' counsel and the Court on behalf of all Plaintiffs in the Class Action Cases.

17.     Interim Liaison Counsel shall be responsible for ensuring that orders of the Court are served on all counsel in each case for which they are acting as Interim Liaison Counsel; communicating with the Court on behalf of all counsel in each case as to scheduling matters; and for maintaining a master service list of all parties and their respective counsel.

18.     Defendants shall effect service of papers on Plaintiffs by serving a copy of the paper by overnight mail service, hand delivery or by use of the Court's electronic case filing system on each Interim Co-Lead and Liaison Counsel in the Class Action Cases, and counsel in any Related Individual Cases.  Plaintiffs shall effect service of papers on Defendants by serving a copy of the paper by overnight mail service, hand delivery or by use of the Court's electronic case filing system on counsel for Defendants.

19.     All Plaintiffs' counsel in the Class Action Cases shall keep contemporaneous time records and shall monthly submit summaries or other records of time and expenses to Interim Co-Lead Counsel in such manner as Interim Co-Lead Counsel shall require. Failure to provide such documents and/or data on a timely basis may result in the Court's failure to consider non-compliant counsel's application for fees and expenses should this litigation be resolved successfully for Plaintiffs.

## VI.   OTHER MATTERS

### A.   INDIVIDUAL COMPLAINTS, MOTIONS

20.   Defendants are not required to respond to the individual complaints. On or before May 27, 2005, Plaintiffs in the Class Action Cases shall file a Consolidated Class Action Complaint. Plaintiffs and Defendants will meet and confer to arrive at a mutually agreed upon briefing schedule and will inform the Court once an agreement has been reached.

### B.   DISCOVERY

21.   Interim Co-Lead Counsel in the Class Action Cases will make all reasonable efforts to coordinate the procedural conduct of their cases with the conduct of any Related Individual Cases, including the formulation of discovery requests, notices and the taking of depositions, pleadings, briefs and motion papers. The Court expects all counsel in the Coordinated Action to make every effort to avoid duplication, inefficiency and inconvenience to the Court, the parties, counsel and witnesses. Thus, in the event Related Individual Cases are filed in or transferred to this Court, counsel for all Plaintiffs shall confer before serving any requests or responses, and they shall eliminate duplicative or overlapping requests or responses. However, nothing stated herein shall be construed to diminish the right of any counsel to be heard on matters that are not susceptible to joint or common action or as to which there is a genuine and substantial disagreement among counsel.

### C.   ADMISSION OF ATTORNEYS

22.   Each attorney not a member of the Bar of this Court, who is acting as counsel for a Plaintiff or Defendant herein, and who is in good standing in any district court of the United States shall be deemed admitted *pro hac vice* to practice before this Court in connection with the Consolidated Action.

## D.    COMMUNICATION AMONG COUNSEL

23.    The Court recognizes that cooperation by and among counsel is essential for the orderly and expeditious resolution of this litigation.  Accordingly, the communication of information among and between Plaintiffs' counsel shall not be deemed a waiver of the attorney-client privilege, the attorney work product privilege or other applicable privileges.  Similarly, the communication of information among and between counsel for Defendants shall not be deemed a waiver of the attorney-client privilege, the attorney work product privilege, or other applicable privileges.

## E.    RULES OF PROCEDURE

24.    Except as otherwise provided herein or by further order of the Court, the Federal Rules of Civil Procedure and the Local Civil Rules for the United States District Court for the District of Delaware shall govern future proceedings herein.


**SO ORDERED.**

Dated: Wilmington, Delaware
        April 22, 2005

_____
Hon. Sue L. Robinson, U.S.D.J.