# Exhibit 8

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
E.D. Pennsylvania.
GREATER PENNSYLVANIA CARPENTERS PENSION FUND, on Behalf of Itself and All Others Similarly Situated
v.
ADOLOR CORPORATION, et al.
**No. Civ.A. 04-CV-1728.**

Dec. 29, 2004.

Marc S. Henzel, Law Offices of Marc S. Henzel, Bala Cynwyd, PA, for Plaintiff.

Jeffrey G. Weil, Dechert, Price & Rhoads, Phila, PA, for Defendants.

*MEMORANDUM & ORDER*

SURRICK, J.

*1 Presently before the Court is the Motion to Appoint the Central Laborers' Pension Fund and the Greater Pennsylvania Carpenters Pension Fund ("Public Pension Funds") as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel filed by the Plaintiff Greater Pennsylvania Carpenters Pension Fund. (Doc. No. 12 .) For the following reasons, the Motion will be granted.

I. Background

Presently pending in this District are four related class action lawsuits (the "Actions") filed on behalf of persons who purchased or otherwise acquired the publicly traded securities of Adolor Corporation ("Adolor" or the "Company") between September 23, 2003, and January 14, 2004, inclusive (the "Class Period"). [FN1] These Actions were brought pursuant to sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § § 78j(b), 78t(a), (2000) and Securities and Exchange Commission ("SEC") Rule 10b-5. On June 2, 2004, we entered a Stipulation and Order Consolidating the Actions pursuant to Federal Rule of Civil Procedure 42(a). (Doc. No. 7.)

FN1. The Actions are: *Greater Pennsylvania Carpenters Pension Fund v. Adolor Corp.*, No. 04-CV-0128 (E.D. Pa. filed Apr. 21, 2004); *Vought v. Adolor Corp.*, No. 04-CV-1929 (E.D. Pa. filed May 3, 2004); *Wehr v. Adolor Corp.*, No. 04-CV-2649 (E.D. Pa. filed June 16, 2004); and *Chen v. Adolor Corp.*, No. 04-CV-2675 (E.D. Pa. filed June 17, 2004).

Movants allege that Adolor is a development stage biopharmaceutical corporation that discovers, develops, and plans to commercialize products to relieve pain while reducing the side effects of currently marketed narcotics. (Doc. No. 12 at 2.) The success of Adolor's business is tied to the successful commercialization of pain relieving analgesics. (*Id.*) Movants indicate that Adolor's flagship product candidate is called Entereg0. (*Id.*) Entereg0 is currently in Phase III clinical trials for the management of postoperative ileus. (*Id.*) Ileus is a temporary impairment of spontaneous movement through the gastrointestinal tract, which often occurs after abdominal or other surgeries. (*Id.*)

Movants allege that during the Class Period, Adolor claimed that Phase III clinical study trials 302, 313, and 308 represented the clinical efficacy studies necessary to support filing of a new drug application ("NDA") at six (6) milligram and twelve (12) milligram dosage levels for the treatment of postoperative ileus. (*Id.* at 3.) Movants claim that Defendants also asserted that Adolor would file a NDA for this indication late in the first half of 2004. (*Id .*) Movants also allege that these assertions were made even though Defendants were aware of conflicting relationships between the results of trial 313 and trial 302. (*Id.*) On January 13, 2004, Adolor reported the adverse results of the 308 study, and the price of Adolor stock plunged thirty-seven percent to a low of $13.73 per share. (*Id.*) Movants file the instant Motion to be appointed as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") to represent the class of investors affected by the stock plunge. [FN2] (*Id.*)

FN2. On the day that Movants' Motion was filed, another investor, Richard Cheng, filed an opposing Motion asking the Court to appoint him as lead Plaintiff. (Doc. No. 15.)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Mr. Cheng withdrew his Motion on August 27, 2004. (Doc. No. 35.) Plaintiff's Motion now stands unopposed.

II. Legal Standard

The PSLRA establishes the procedure for appointing a lead plaintiff in each private action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a) (2000). The plaintiff who files the initial action must publish a notice to the class within twenty (20) days of filing the action informing the class members of their right to file a motion for appointment as lead plaintiff. *Id* . § 78u-4(a)(3)(A)(i). Within sixty (60) days after publication of the notice, any person or group of persons who are members of the proposed class may move to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *Id.* § 78u-4(a)(3)(A)(i)(II).

*2 When appointing a lead plaintiff, the Court must determine the "most adequate plaintiff." *Id.* The PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that
> (aa) has either filed the complaint or made a motion in response to a notice ...;
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii).

Federal Rule of Civil Procedure 23 provides the following prerequisites to a class action: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a).

III. The Plaintiffs Satisfy the PSLRA Requirements

Movants submit that they fulfill the PSLRA requirements necessary to be appointed as Lead Plaintiff. We agree. As mentioned above, the PSLRA requires that the plaintiff who files the initial action must publish a notice to the class within twenty (20) days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). In this case, Movants published a notice in *Business Wire* on April 21, 2004. (Doc. No. 13 Ex. 4.) Next, all class members interested in moving for the appointment of lead plaintiff had to do so within sixty (60) days of the notice which in this case was by June 21, 2004. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Movants appropriately filed the instant Motion with this Court to be appointed Lead Plaintiff. The Public Pension Funds' two members have also signed and filed certifications stating that they are willing to serve as representative parties on behalf of the class. (Doc. No. 13 Exs. 2, 3.) The only other applicant withdrew his motion.

With regard to the PSLRA requirement that the Court examine whether plaintiff has the requisite financial interest in the relief sought by the class, 15 U.S.C. § 78u-4(a)(3)(B)(iii), Movants explain that during the Class Period, the Public Pension Funds suffered losses of approximately $52,000 based on their purchase of approximately 26,000 shares of Adolor stock at a cost of over $469,000. (Doc. No. 13 Ex. 1.) Movants state that the Public Pension Funds' financial interest in this matter is the largest of any competing lead plaintiff. (Doc. No. 12 at 5.) Moreover, Movants remain the only applicant for Lead Plaintiff.

A proposed lead plaintiff must also satisfy the requirements of Federal Rule of Civil Procedure 23, as discussed above. Of the four requirements in Rule 23, we need only address the last two, typicality and adequacy. *See In Re: Cendant Corp. Litig.*, 264 F.3d 302, 263 (3d Cir.2001). Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *Id.* at 264-65. Typicality does not require that there be no factual differences between the class representative and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D.Mass.1988) (" 'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members." ' (quoting *In re Elscint, Ltd. Sec. Litig.*, Civ. No. 85-2622, slip op. at 18 (D. Mass. June 22, 1987))). In the instant case, Movants, like all other class members: (1) purchased Adolor securities

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

during the Class Period at allegedly artificially inflated prices; and (2) suffered damages as a result. Accordingly, Movants' claims are typical of those of other class members since their claim and the claims of other class members arise out of the same course of events.

*3 Rule 23(a)(4) requires the lead plaintiff to "fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). The PSLRA directs us to limit our inquiry of the movant's adequacy to represent the class to the following: (1) the absence of potential conflict between the proposed lead plaintiff and the class members, and (2) the class representative's choice of counsel who is qualified, experienced, and able to vigorously conduct the proposed litigation. *Weltz v. Lee*, 199 F.R.D. 128, 133 (S.D.N.Y.2001). In the instant case, the only other applicant for lead plaintiff withdrew his application in favor of Movants. We see no evidence of antagonism between the interests of Movants and the interests of the other members of the class.

IV. Movants' Selection of Lead Counsel and Liaison Counsel

A lead plaintiff should select and retain counsel to represent the class he seeks to represent, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v) (2000). Movants have selected the law firm of Lerach Coughlin Stoia & Robbins LLP ("LCSR") as Lead Counsel and the Law Offices of Marc S. Henzel ("Marc Henzel") as Liaison Counsel. LCSR and Marc Henzel have litigated extensively in the area of securities class actions. (Doc. No. 12 Exs. 5, 6.) LCSR has been appointed as lead or co-lead counsel in landmark class actions, including *In re Enron Corp., Securities Litigation*, 206 F.R.D. 427 (S.D.Tex.2002). We are satisfied that Movants' selection of Lead Counsel and Liaison Counsel is appropriate.

V. Conclusion

Under the circumstances, Movants satisfy the requirements of Rule 23 and the requirements of the PSLRA for appointment as Lead Plaintiff in this matter. Accordingly, we will appoint the Public Pension Funds as Lead Plaintiff. We will also approve the selection of Lead Counsel and Liaison Counsel.

An appropriate Order follows.

*ORDER*

AND NOW, this 29th day of December, 2004, it is ORDERED that The Central Laborers' Pension Fund and the Greater Pennsylvania Carpenters Pension Fund's ("Public Pension Funds") Motion for appointment as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel (Doc. No. 12, No. 04- CV-1728) is GRANTED. We appoint the Public Pension Funds as Lead Plaintiff and approve Public Pension Funds' selection of Lerach Coughlin Stoia & Robbins LLP to serve as Lead Counsel and the Law Offices of Marc S. Henzel to serve as Liaison Counsel.

IT IS SO ORDERED.

2004 WL 3019235 (E.D.Pa.)

**Motions, Pleadings and Filings** **(Back to top)**

• 2004 WL 2695800 (Trial Motion, Memorandum and Affidavit) The Institutional Pension Funds' Reply Memoraundum in Further Support of Their Motion for Appointment as Lead Plaintiff and Appoval of Lead Plaintiff's Selection of Lead Counsel (Jul. 16, 2004)

• 2004 WL 2695785 (Trial Motion, Memorandum and Affidavit) Central Laborers' Pension Fund and Greater Pennsylvania Pension Fund's Memorandum of Law in Opposition to Richard Cheng's Motion for Appointment as Lead Plaintiff (Jul. 08, 2004)

• 2004 WL 2695779 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of the Central Laborers' Pension Fund and the Greater Pennsylvania Carpenters Pension Fund's Motion for Appointment as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel (Jun. 21, 2004)

• 2:04CV01728 (Docket) (Apr. 21, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
E.D. Pennsylvania.
GREATER PENNSYLVANIA CARPENTERS PENSION FUND, on Behalf of Itself and All Others Similarly Situated
v.
ADOLOR CORPORATION, et al.
**No. Civ.A. 04-CV-1728.**

Dec. 29, 2004.

Marc S. Henzel, Law Offices of Marc S. Henzel, Bala Cynwyd, PA, for Plaintiff.

Jeffrey G. Weil, Dechert, Price & Rhoads, Phila, PA, for Defendants.

*MEMORANDUM & ORDER*

SURRICK, J.

***1** Presently before the Court is the Motion to Appoint the Central Laborers' Pension Fund and the Greater Pennsylvania Carpenters Pension Fund ("Public Pension Funds") as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel filed by the Plaintiff Greater Pennsylvania Carpenters Pension Fund. (Doc. No. 12 .) For the following reasons, the Motion will be granted.

I. Background

Presently pending in this District are four related class action lawsuits (the "Actions") filed on behalf of persons who purchased or otherwise acquired the publicly traded securities of Adolor Corporation ("Adolor" or the "Company") between September 23, 2003, and January 14, 2004, inclusive (the "Class Period"). [FN1] These Actions were brought pursuant to sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § § 78j(b), 78t(a), (2000) and Securities and Exchange Commission ("SEC") Rule 10b-5. On June 2, 2004, we entered a Stipulation and Order Consolidating the Actions pursuant to Federal Rule of Civil Procedure 42(a). (Doc. No. 7.)

FN1. The Actions are: *Greater Pennsylvania Carpenters Pension Fund v. Adolor Corp.,* No. 04-CV-0128 (E.D. Pa. filed Apr. 21, 2004); *Vought v. Adolor Corp.,* No. 04-CV-1929 (E.D. Pa. filed May 3, 2004); *Wehr v. Adolor Corp.,* No. 04-CV-2649 (E.D. Pa. filed June 16, 2004); and *Chen v. Adolor Corp.,* No. 04-CV-2675 (E.D. Pa. filed June 17, 2004).

Movants allege that Adolor is a development stage biopharmaceutical corporation that discovers, develops, and plans to commercialize products to relieve pain while reducing the side effects of currently marketed narcotics. (Doc. No. 12 at 2.) The success of Adolor's business is tied to the successful commercialization of pain relieving analgesics. (*Id.*) Movants indicate that Adolor's flagship product candidate is called Entereg0. (*Id.*) Entereg0 is currently in Phase III clinical trials for the management of postoperative ileus. (*Id.*) Ileus is a temporary impairment of spontaneous movement through the gastrointestinal tract, which often occurs after abdominal or other surgeries. (*Id.*)

Movants allege that during the Class Period, Adolor claimed that Phase III clinical study trials 302, 313, and 308 represented the clinical efficacy studies necessary to support filing of a new drug application ("NDA") at six (6) milligram and twelve (12) milligram dosage levels for the treatment of postoperative ileus. (*Id.* at 3.) Movants claim that Defendants also asserted that Adolor would file a NDA for this indication late in the first half of 2004. (*Id* .) Movants also allege that these assertions were made even though Defendants were aware of conflicting relationships between the results of trial 313 and trial 302. (*Id.*) On January 13, 2004, Adolor reported the adverse results of the 308 study, and the price of Adolor stock plunged thirty-seven percent to a low of $13.73 per share. (*Id.*) Movants file the instant Motion to be appointed as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") to represent the class of investors affected by the stock plunge. [FN2] (*Id.*)

FN2. On the day that Movants' Motion was filed, another investor, Richard Cheng, filed an opposing Motion asking the Court to appoint him as lead Plaintiff. (Doc. No. 15.)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Mr. Cheng withdrew his Motion on August 27, 2004. (Doc. No. 35.) Plaintiff's Motion now stands unopposed.

II. Legal Standard

The PSLRA establishes the procedure for appointing a lead plaintiff in each private action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a) (2000). The plaintiff who files the initial action must publish a notice to the class within twenty (20) days of filing the action informing the class members of their right to file a motion for appointment as lead plaintiff. *Id* . § 78u-4(a)(3)(A)(i). Within sixty (60) days after publication of the notice, any person or group of persons who are members of the proposed class may move to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *Id.* § 78u-4(a)(3)(A)(i)(II).

*2 When appointing a lead plaintiff, the Court must determine the "most adequate plaintiff." *Id.* The PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that
> (aa) has either filed the complaint or made a motion in response to a notice ...;
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii).

Federal Rule of Civil Procedure 23 provides the following prerequisites to a class action: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a).

III. The Plaintiffs Satisfy the PSLRA Requirements

Movants submit that they fulfill the PSLRA requirements necessary to be appointed as Lead Plaintiff. We agree. As mentioned above, the PSLRA requires that the plaintiff who files the initial action must publish a notice to the class within twenty (20) days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). In this case, Movants published a notice in *Business Wire* on April 21, 2004. (Doc. No. 13 Ex. 4.) Next, all class members interested in moving for the appointment of lead plaintiff had to do so within sixty (60) days of the notice which in this case was by June 21, 2004. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Movants appropriately filed the instant Motion with this Court to be appointed Lead Plaintiff. The Public Pension Funds' two members have also signed and filed certifications stating that they are willing to serve as representative parties on behalf of the class. (Doc. No. 13 Exs. 2, 3.) The only other applicant withdrew his motion.

With regard to the PSLRA requirement that the Court examine whether plaintiff has the requisite financial interest in the relief sought by the class, 15 U.S.C. § 78u-4(a)(3)(B)(iii), Movants explain that during the Class Period, the Public Pension Funds suffered losses of approximately $52,000 based on their purchase of approximately 26,000 shares of Adolor stock at a cost of over $469,000. (Doc. No. 13 Ex. 1.) Movants state that the Public Pension Funds' financial interest in this matter is the largest of any competing lead plaintiff. (Doc. No. 12 at 5.) Moreover, Movants remain the only applicant for Lead Plaintiff.

A proposed lead plaintiff must also satisfy the requirements of Federal Rule of Civil Procedure 23, as discussed above. Of the four requirements in Rule 23, we need only address the last two, typicality and adequacy. *See In Re: Cendant Corp. Litig.*, 264 F.3d 302, 263 (3d Cir.2001). Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *Id.* at 264-65. Typicality does not require that there be no factual differences between the class representative and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D.Mass.1988) (" 'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members." ' (quoting *In re Elscint, Ltd. Sec. Litig.*, Civ. No. 85-2622, slip op. at 18 (D. Mass. June 22, 1987))). In the instant case, Movants, like all other class members: (1) purchased Adolor securities

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Page 3
2004 WL 3019235 (E.D.Pa.)
**(Cite as: 2004 WL 3019235 (E.D.Pa.))**

during the Class Period at allegedly artificially inflated prices; and (2) suffered damages as a result. Accordingly, Movants' claims are typical of those of other class members since their claim and the claims of other class members arise out of the same course of events.

*3 Rule 23(a)(4) requires the lead plaintiff to "fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). The PSLRA directs us to limit our inquiry of the movant's adequacy to represent the class to the following: (1) the absence of potential conflict between the proposed lead plaintiff and the class members, and (2) the class representative's choice of counsel who is qualified, experienced, and able to vigorously conduct the proposed litigation. *Weltz v. Lee,* 199 F.R.D. 128, 133 (S.D.N.Y.2001). In the instant case, the only other applicant for lead plaintiff withdrew his application in favor of Movants. We see no evidence of antagonism between the interests of Movants and the interests of the other members of the class.

IV. Movants' Selection of Lead Counsel and Liaison Counsel

A lead plaintiff should select and retain counsel to represent the class he seeks to represent, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v) (2000). Movants have selected the law firm of Lerach Coughlin Stoia & Robbins LLP ("LCSR") as Lead Counsel and the Law Offices of Marc S. Henzel ("Marc Henzel") as Liaison Counsel. LCSR and Marc Henzel have litigated extensively in the area of securities class actions. (Doc. No. 12 Exs. 5, 6.) LCSR has been appointed as lead or co-lead counsel in landmark class actions, including *In re Enron Corp., Securities Litigation,* 206 F.R.D. 427 (S.D.Tex.2002). We are satisfied that Movants' selection of Lead Counsel and Liaison Counsel is appropriate.

V. Conclusion

Under the circumstances, Movants satisfy the requirements of Rule 23 and the requirements of the PSLRA for appointment as Lead Plaintiff in this matter. Accordingly, we will appoint the Public Pension Funds as Lead Plaintiff. We will also approve the selection of Lead Counsel and Liaison Counsel.

An appropriate Order follows.

*ORDER*

AND NOW, this 29th day of December, 2004, it is ORDERED that The Central Laborers' Pension Fund and the Greater Pennsylvania Carpenters Pension Fund's ("Public Pension Funds") Motion for appointment as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel (Doc. No. 12, No. 04- CV-1728) is GRANTED. We appoint the Public Pension Funds as Lead Plaintiff and approve Public Pension Funds' selection of Lerach Coughlin Stoia & Robbins LLP to serve as Lead Counsel and the Law Offices of Marc S. Henzel to serve as Liaison Counsel.

IT IS SO ORDERED.

2004 WL 3019235 (E.D.Pa.)

**Motions, Pleadings and Filings (Back to top)**

- 2004 WL 2695800 (Trial Motion, Memorandum and Affidavit) The Institutional Pension Funds' Reply Memoraundum in Further Support of Their Motion for Appointment as Lead Plaintiff and Appoval of Lead Plaintiff's Selection of Lead Counsel (Jul. 16, 2004)

- 2004 WL 2695785 (Trial Motion, Memorandum and Affidavit) Central Laborers' Pension Fund and Greater Pennsylvania Pension Fund's Memorandum of Law in Opposition to Richard Cheng's Motion for Appointment as Lead Plaintiff (Jul. 08, 2004)

- 2004 WL 2695779 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of the Central Laborers' Pension Fund and the Greater Pennsylvania Carpenters Pension Fund's Motion for Appointment as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel (Jun. 21, 2004)

- 2:04CV01728 (Docket) (Apr. 21, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
E.D. Pennsylvania.
GREATER PENNSYLVANIA CARPENTERS PENSION FUND, on Behalf of Itself and All Others Similarly Situated
v.
ADOLOR CORPORATION, et al.
**No. Civ.A. 04-CV-1728.**

Dec. 29, 2004.

Marc S. Henzel, Law Offices of Marc S. Henzel, Bala Cynwyd, PA, for Plaintiff.

Jeffrey G. Weil, Dechert, Price & Rhoads, Phila, PA, for Defendants.

*MEMORANDUM & ORDER*

SURRICK, J.

*1 Presently before the Court is the Motion to Appoint the Central Laborers' Pension Fund and the Greater Pennsylvania Carpenters Pension Fund ("Public Pension Funds") as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel filed by the Plaintiff Greater Pennsylvania Carpenters Pension Fund. (Doc. No. 12 .) For the following reasons, the Motion will be granted.

I. Background

Presently pending in this District are four related class action lawsuits (the "Actions") filed on behalf of persons who purchased or otherwise acquired the publicly traded securities of Adolor Corporation ("Adolor" or the "Company") between September 23, 2003, and January 14, 2004, inclusive (the "Class Period"). [FN1] These Actions were brought pursuant to sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § § 78j(b), 78t(a), (2000) and Securities and Exchange Commission ("SEC") Rule 10b-5. On June 2, 2004, we entered a Stipulation and Order Consolidating the Actions pursuant to Federal Rule of Civil Procedure 42(a). (Doc. No. 7.)

FN1. The Actions are: *Greater Pennsylvania Carpenters Pension Fund v. Adolor Corp.,* No. 04-CV-0128 (E.D. Pa. filed Apr. 21, 2004); *Vought v. Adolor Corp.,* No. 04-CV-1929 (E.D. Pa. filed May 3, 2004); *Wehr v. Adolor Corp.,* No. 04-CV-2649 (E.D. Pa. filed June 16, 2004); and *Chen v. Adolor Corp.,* No. 04-CV-2675 (E.D. Pa. filed June 17, 2004).

Movants allege that Adolor is a development stage biopharmaceutical corporation that discovers, develops, and plans to commercialize products to relieve pain while reducing the side effects of currently marketed narcotics. (Doc. No. 12 at 2.) The success of Adolor's business is tied to the successful commercialization of pain relieving analgesics. (*Id.*) Movants indicate that Adolor's flagship product candidate is called Entereg0. (*Id.*) Entereg0 is currently in Phase III clinical trials for the management of postoperative ileus. (*Id.*) Ileus is a temporary impairment of spontaneous movement through the gastrointestinal tract, which often occurs after abdominal or other surgeries. (*Id.*)

Movants allege that during the Class Period, Adolor claimed that Phase III clinical study trials 302, 313, and 308 represented the clinical efficacy studies necessary to support filing of a new drug application ("NDA") at six (6) milligram and twelve (12) milligram dosage levels for the treatment of postoperative ileus. (*Id.* at 3.) Movants claim that Defendants also asserted that Adolor would file a NDA for this indication late in the first half of 2004. (*Id* .) Movants also allege that these assertions were made even though Defendants were aware of conflicting relationships between the results of trial 313 and trial 302. (*Id.*) On January 13, 2004, Adolor reported the adverse results of the 308 study, and the price of Adolor stock plunged thirty-seven percent to a low of $13.73 per share. (*Id.*) Movants file the instant Motion to be appointed as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") to represent the class of investors affected by the stock plunge. [FN2] (*Id.*)

FN2. On the day that Movants' Motion was filed, another investor, Richard Cheng, filed an opposing Motion asking the Court to appoint him as lead Plaintiff. (Doc. No. 15.)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Mr. Cheng withdrew his Motion on August 27, 2004. (Doc. No. 35.) Plaintiff's Motion now stands unopposed.

II. Legal Standard

The PSLRA establishes the procedure for appointing a lead plaintiff in each private action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a) (2000). The plaintiff who files the initial action must publish a notice to the class within twenty (20) days of filing the action informing the class members of their right to file a motion for appointment as lead plaintiff. *Id* . § 78u-4(a)(3)(A)(i). Within sixty (60) days after publication of the notice, any person or group of persons who are members of the proposed class may move to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *Id.* § 78u-4(a)(3)(A)(i)(II).

***2** When appointing a lead plaintiff, the Court must determine the "most adequate plaintiff." *Id.* The PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that
> (aa) has either filed the complaint or made a motion in response to a notice ...;
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.
> *Id.* § 78u-4(a)(3)(B)(iii).

Federal Rule of Civil Procedure 23 provides the following prerequisites to a class action: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a).

III. The Plaintiffs Satisfy the PSLRA Requirements

Movants submit that they fulfill the PSLRA requirements necessary to be appointed as Lead Plaintiff. We agree. As mentioned above, the PSLRA requires that the plaintiff who files the initial action must publish a notice to the class within twenty (20) days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). In this case, Movants published a notice in *Business Wire* on April 21, 2004. (Doc. No. 13 Ex. 4.) Next, all class members interested in moving for the appointment of lead plaintiff had to do so within sixty (60) days of the notice which in this case was by June 21, 2004. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Movants appropriately filed the instant Motion with this Court to be appointed Lead Plaintiff. The Public Pension Funds' two members have also signed and filed certifications stating that they are willing to serve as representative parties on behalf of the class. (Doc. No. 13 Exs. 2, 3.) The only other applicant withdrew his motion.

With regard to the PSLRA requirement that the Court examine whether plaintiff has the requisite financial interest in the relief sought by the class, 15 U.S.C. § 78u-4(a)(3)(B)(iii), Movants explain that during the Class Period, the Public Pension Funds suffered losses of approximately $52,000 based on their purchase of approximately 26,000 shares of Adolor stock at a cost of over $469,000. (Doc. No. 13 Ex. 1.) Movants state that the Public Pension Funds' financial interest in this matter is the largest of any competing lead plaintiff. (Doc. No. 12 at 5.) Moreover, Movants remain the only applicant for Lead Plaintiff.

A proposed lead plaintiff must also satisfy the requirements of Federal Rule of Civil Procedure 23, as discussed above. Of the four requirements in Rule 23, we need only address the last two, typicality and adequacy. *See In Re: Cendant Corp. Litig.*, 264 F.3d 302, 263 (3d Cir.2001). Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *Id.* at 264-65. Typicality does not require that there be no factual differences between the class representative and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D.Mass.1988) (" 'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members." ' (quoting *In re Elscint, Ltd. Sec. Litig.*, Civ. No. 85-2622, slip op. at 18 (D. Mass. June 22, 1987))). In the instant case, Movants, like all other class members: (1) purchased Adolor securities

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

during the Class Period at allegedly artificially inflated prices; and (2) suffered damages as a result. Accordingly, Movants' claims are typical of those of other class members since their claim and the claims of other class members arise out of the same course of events.

*3 Rule 23(a)(4) requires the lead plaintiff to "fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). The PSLRA directs us to limit our inquiry of the movant's adequacy to represent the class to the following: (1) the absence of potential conflict between the proposed lead plaintiff and the class members, and (2) the class representative's choice of counsel who is qualified, experienced, and able to vigorously conduct the proposed litigation. *Weltz v. Lee,* 199 F.R.D. 128, 133 (S.D.N.Y.2001). In the instant case, the only other applicant for lead plaintiff withdrew his application in favor of Movants. We see no evidence of antagonism between the interests of Movants and the interests of the other members of the class.

IV. Movants' Selection of Lead Counsel and Liaison Counsel

A lead plaintiff should select and retain counsel to represent the class he seeks to represent, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v) (2000). Movants have selected the law firm of Lerach Coughlin Stoia & Robbins LLP ("LCSR") as Lead Counsel and the Law Offices of Marc S. Henzel ("Marc Henzel") as Liaison Counsel. LCSR and Marc Henzel have litigated extensively in the area of securities class actions. (Doc. No. 12 Exs. 5, 6.) LCSR has been appointed as lead or co-lead counsel in landmark class actions, including *In re Enron Corp., Securities Litigation,* 206 F.R.D. 427 (S.D.Tex.2002). We are satisfied that Movants' selection of Lead Counsel and Liaison Counsel is appropriate.

V. Conclusion

Under the circumstances, Movants satisfy the requirements of Rule 23 and the requirements of the PSLRA for appointment as Lead Plaintiff in this matter. Accordingly, we will appoint the Public Pension Funds as Lead Plaintiff. We will also approve the selection of Lead Counsel and Liaison Counsel.

An appropriate Order follows.

*ORDER*

AND NOW, this 29th day of December, 2004, it is ORDERED that The Central Laborers' Pension Fund and the Greater Pennsylvania Carpenters Pension Fund's ("Public Pension Funds") Motion for appointment as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel (Doc. No. 12, No. 04- CV-1728) is GRANTED. We appoint the Public Pension Funds as Lead Plaintiff and approve Public Pension Funds' selection of Lerach Coughlin Stoia & Robbins LLP to serve as Lead Counsel and the Law Offices of Marc S. Henzel to serve as Liaison Counsel.

IT IS SO ORDERED.

2004 WL 3019235 (E.D.Pa.)

**Motions, Pleadings and Filings (Back to top)**

- 2004 WL 2695800 (Trial Motion, Memorandum and Affidavit) The Institutional Pension Funds' Reply Memoraundum in Further Support of Their Motion for Appointment as Lead Plaintiff and Appoval of Lead Plaintiff's Selection of Lead Counsel (Jul. 16, 2004)

- 2004 WL 2695785 (Trial Motion, Memorandum and Affidavit) Central Laborers' Pension Fund and Greater Pennsylvania Pension Fund's Memorandum of Law in Opposition to Richard Cheng's Motion for Appointment as Lead Plaintiff (Jul. 08, 2004)

- 2004 WL 2695779 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of the Central Laborers' Pension Fund and the Greater Pennsylvania Carpenters Pension Fund's Motion for Appointment as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel (Jun. 21, 2004)

- 2:04CV01728 (Docket) (Apr. 21, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
E.D. Pennsylvania.
GREATER PENNSYLVANIA CARPENTERS PENSION FUND, on Behalf of Itself and All Others Similarly Situated
v.
ADOLOR CORPORATION, et al.
**No. Civ.A. 04-CV-1728.**

Dec. 29, 2004.

Marc S. Henzel, Law Offices of Marc S. Henzel, Bala Cynwyd, PA, for Plaintiff.

Jeffrey G. Weil, Dechert, Price & Rhoads, Phila, PA, for Defendants.

*MEMORANDUM & ORDER*

SURRICK, J.

*1 Presently before the Court is the Motion to Appoint the Central Laborers' Pension Fund and the Greater Pennsylvania Carpenters Pension Fund ("Public Pension Funds") as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel filed by the Plaintiff Greater Pennsylvania Carpenters Pension Fund. (Doc. No. 12 .) For the following reasons, the Motion will be granted.

I. Background

Presently pending in this District are four related class action lawsuits (the "Actions") filed on behalf of persons who purchased or otherwise acquired the publicly traded securities of Adolor Corporation ("Adolor" or the "Company") between September 23, 2003, and January 14, 2004, inclusive (the "Class Period"). [FN1] These Actions were brought pursuant to sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § § 78j(b), 78t(a), (2000) and Securities and Exchange Commission ("SEC") Rule 10b-5. On June 2, 2004, we entered a Stipulation and Order Consolidating the Actions pursuant to Federal Rule of Civil Procedure 42(a). (Doc. No. 7.)

FN1. The Actions are: *Greater Pennsylvania Carpenters Pension Fund v. Adolor Corp.*, No. 04-CV-0128 (E.D. Pa. filed Apr. 21, 2004); *Vought v. Adolor Corp.*, No. 04-CV-1929 (E.D. Pa. filed May 3, 2004); *Wehr v. Adolor Corp.*, No. 04-CV-2649 (E.D. Pa. filed June 16, 2004); and *Chen v. Adolor Corp.*, No. 04-CV-2675 (E.D. Pa. filed June 17, 2004).

Movants allege that Adolor is a development stage biopharmaceutical corporation that discovers, develops, and plans to commercialize products to relieve pain while reducing the side effects of currently marketed narcotics. (Doc. No. 12 at 2.) The success of Adolor's business is tied to the successful commercialization of pain relieving analgesics. (*Id.*) Movants indicate that Adolor's flagship product candidate is called Entereg0. (*Id.*) Entereg0 is currently in Phase III clinical trials for the management of postoperative ileus. (*Id.*) Ileus is a temporary impairment of spontaneous movement through the gastrointestinal tract, which often occurs after abdominal or other surgeries. (*Id.*)

Movants allege that during the Class Period, Adolor claimed that Phase III clinical study trials 302, 313, and 308 represented the clinical efficacy studies necessary to support filing of a new drug application ("NDA") at six (6) milligram and twelve (12) milligram dosage levels for the treatment of postoperative ileus. (*Id.* at 3.) Movants claim that Defendants also asserted that Adolor would file a NDA for this indication late in the first half of 2004. (*Id* .) Movants also allege that these assertions were made even though Defendants were aware of conflicting relationships between the results of trial 313 and trial 302. (*Id.*) On January 13, 2004, Adolor reported the adverse results of the 308 study, and the price of Adolor stock plunged thirty-seven percent to a low of $13.73 per share. (*Id.*) Movants file the instant Motion to be appointed as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") to represent the class of investors affected by the stock plunge. [FN2] (*Id.*)

FN2. On the day that Movants' Motion was filed, another investor, Richard Cheng, filed an opposing Motion asking the Court to appoint him as lead Plaintiff. (Doc. No. 15.)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Mr. Cheng withdrew his Motion on August 27, 2004. (Doc. No. 35.) Plaintiff's Motion now stands unopposed.

II. Legal Standard

The PSLRA establishes the procedure for appointing a lead plaintiff in each private action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a) (2000). The plaintiff who files the initial action must publish a notice to the class within twenty (20) days of filing the action informing the class members of their right to file a motion for appointment as lead plaintiff. *Id* . § 78u-4(a)(3)(A)(i). Within sixty (60) days after publication of the notice, any person or group of persons who are members of the proposed class may move to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *Id.* § 78u-4(a)(3)(A)(i)(II).

*2 When appointing a lead plaintiff, the Court must determine the "most adequate plaintiff." *Id.* The PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that
> (aa) has either filed the complaint or made a motion in response to a notice ...;
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii).

Federal Rule of Civil Procedure 23 provides the following prerequisites to a class action: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a).

III. The Plaintiffs Satisfy the PSLRA Requirements

Movants submit that they fulfill the PSLRA requirements necessary to be appointed as Lead Plaintiff. We agree. As mentioned above, the PSLRA requires that the plaintiff who files the initial action must publish a notice to the class within twenty (20) days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). In this case, Movants published a notice in *Business Wire* on April 21, 2004. (Doc. No. 13 Ex. 4.) Next, all class members interested in moving for the appointment of lead plaintiff had to do so within sixty (60) days of the notice which in this case was by June 21, 2004. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Movants appropriately filed the instant Motion with this Court to be appointed Lead Plaintiff. The Public Pension Funds' two members have also signed and filed certifications stating that they are willing to serve as representative parties on behalf of the class. (Doc. No. 13 Exs. 2, 3.) The only other applicant withdrew his motion.

With regard to the PSLRA requirement that the Court examine whether plaintiff has the requisite financial interest in the relief sought by the class, 15 U.S.C. § 78u-4(a)(3)(B)(iii), Movants explain that during the Class Period, the Public Pension Funds suffered losses of approximately $52,000 based on their purchase of approximately 26,000 shares of Adolor stock at a cost of over $469,000. (Doc. No. 13 Ex. 1.) Movants state that the Public Pension Funds' financial interest in this matter is the largest of any competing lead plaintiff. (Doc. No. 12 at 5.) Moreover, Movants remain the only applicant for Lead Plaintiff.

A proposed lead plaintiff must also satisfy the requirements of Federal Rule of Civil Procedure 23, as discussed above. Of the four requirements in Rule 23, we need only address the last two, typicality and adequacy. *See In Re: Cendant Corp. Litig.*, 264 F.3d 302, 263 (3d Cir.2001). Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *Id.* at 264-65. Typicality does not require that there be no factual differences between the class representative and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D.Mass.1988) (" 'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members." ' (quoting *In re Elscint, Ltd. Sec. Litig.*, Civ. No. 85-2622, slip op. at 18 (D. Mass. June 22, 1987))). In the instant case, Movants, like all other class members: (1) purchased Adolor securities

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

during the Class Period at allegedly artificially inflated prices; and (2) suffered damages as a result. Accordingly, Movants' claims are typical of those of other class members since their claim and the claims of other class members arise out of the same course of events.

*3 Rule 23(a)(4) requires the lead plaintiff to "fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). The PSLRA directs us to limit our inquiry of the movant's adequacy to represent the class to the following: (1) the absence of potential conflict between the proposed lead plaintiff and the class members, and (2) the class representative's choice of counsel who is qualified, experienced, and able to vigorously conduct the proposed litigation. *Weltz v. Lee,* 199 F.R.D. 128, 133 (S.D.N.Y.2001). In the instant case, the only other applicant for lead plaintiff withdrew his application in favor of Movants. We see no evidence of antagonism between the interests of Movants and the interests of the other members of the class.

IV. Movants' Selection of Lead Counsel and Liaison Counsel

A lead plaintiff should select and retain counsel to represent the class he seeks to represent, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v) (2000). Movants have selected the law firm of Lerach Coughlin Stoia & Robbins LLP ("LCSR") as Lead Counsel and the Law Offices of Marc S. Henzel ("Marc Henzel") as Liaison Counsel. LCSR and Marc Henzel have litigated extensively in the area of securities class actions. (Doc. No. 12 Exs. 5, 6.) LCSR has been appointed as lead or co-lead counsel in landmark class actions, including *In re Enron Corp., Securities Litigation,* 206 F.R.D. 427 (S.D.Tex.2002). We are satisfied that Movants' selection of Lead Counsel and Liaison Counsel is appropriate.

V. Conclusion

Under the circumstances, Movants satisfy the requirements of Rule 23 and the requirements of the PSLRA for appointment as Lead Plaintiff in this matter. Accordingly, we will appoint the Public Pension Funds as Lead Plaintiff. We will also approve the selection of Lead Counsel and Liaison Counsel.

An appropriate Order follows.

*ORDER*

AND NOW, this 29th day of December, 2004, it is ORDERED that The Central Laborers' Pension Fund and the Greater Pennsylvania Carpenters Pension Fund's ("Public Pension Funds") Motion for appointment as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel (Doc. No. 12, No. 04- CV-1728) is GRANTED. We appoint the Public Pension Funds as Lead Plaintiff and approve Public Pension Funds' selection of Lerach Coughlin Stoia & Robbins LLP to serve as Lead Counsel and the Law Offices of Marc S. Henzel to serve as Liaison Counsel.

IT IS SO ORDERED.

2004 WL 3019235 (E.D.Pa.)

**Motions, Pleadings and Filings (Back to top)**

- 2004 WL 2695800 (Trial Motion, Memorandum and Affidavit) The Institutional Pension Funds' Reply Memoraundum in Further Support of Their Motion for Appointment as Lead Plaintiff and Appoval of Lead Plaintiff's Selection of Lead Counsel (Jul. 16, 2004)

- 2004 WL 2695785 (Trial Motion, Memorandum and Affidavit) Central Laborers' Pension Fund and Greater Pennsylvania Pension Fund's Memorandum of Law in Opposition to Richard Cheng's Motion for Appointment as Lead Plaintiff (Jul. 08, 2004)

- 2004 WL 2695779 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of the Central Laborers' Pension Fund and the Greater Pennsylvania Carpenters Pension Fund's Motion for Appointment as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel (Jun. 21, 2004)

- 2:04CV01728 (Docket) (Apr. 21, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
E.D. Pennsylvania.
GREATER PENNSYLVANIA CARPENTERS PENSION FUND, on Behalf of Itself and All Others Similarly Situated
v.
ADOLOR CORPORATION, et al.
**No. Civ.A. 04-CV-1728.**

Dec. 29, 2004.
Marc S. Henzel, Law Offices of Marc S. Henzel, Bala Cynwyd, PA, for Plaintiff.

Jeffrey G. Weil, Dechert, Price & Rhoads, Phila, PA, for Defendants.

*MEMORANDUM & ORDER*

SURRICK, J.

*1 Presently before the Court is the Motion to Appoint the Central Laborers' Pension Fund and the Greater Pennsylvania Carpenters Pension Fund ("Public Pension Funds") as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel filed by the Plaintiff Greater Pennsylvania Carpenters Pension Fund. (Doc. No. 12 .) For the following reasons, the Motion will be granted.

I. Background

Presently pending in this District are four related class action lawsuits (the "Actions") filed on behalf of persons who purchased or otherwise acquired the publicly traded securities of Adolor Corporation ("Adolor" or the "Company") between September 23, 2003, and January 14, 2004, inclusive (the "Class Period"). [FN1] These Actions were brought pursuant to sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § § 78j(b), 78t(a), (2000) and Securities and Exchange Commission ("SEC") Rule 10b-5. On June 2, 2004, we entered a Stipulation and Order Consolidating the Actions pursuant to Federal Rule of Civil Procedure 42(a). (Doc. No. 7.)

FN1. The Actions are: *Greater Pennsylvania Carpenters Pension Fund v. Adolor Corp.,* No. 04-CV-0128 (E.D. Pa. filed Apr. 21, 2004); *Vought v. Adolor Corp.,* No. 04-CV-1929 (E.D. Pa. filed May 3, 2004); *Wehr v. Adolor Corp.,* No. 04-CV-2649 (E.D. Pa. filed June 16, 2004); and *Chen v. Adolor Corp.,* No. 04-CV-2675 (E.D. Pa. filed June 17, 2004).

Movants allege that Adolor is a development stage biopharmaceutical corporation that discovers, develops, and plans to commercialize products to relieve pain while reducing the side effects of currently marketed narcotics. (Doc. No. 12 at 2.) The success of Adolor's business is tied to the successful commercialization of pain relieving analgesics. (*Id.*) Movants indicate that Adolor's flagship product candidate is called Entereg0. (*Id.*) Entereg0 is currently in Phase III clinical trials for the management of postoperative ileus. (*Id.*) Ileus is a temporary impairment of spontaneous movement through the gastrointestinal tract, which often occurs after abdominal or other surgeries. (*Id.*)

Movants allege that during the Class Period, Adolor claimed that Phase III clinical study trials 302, 313, and 308 represented the clinical efficacy studies necessary to support filing of a new drug application ("NDA") at six (6) milligram and twelve (12) milligram dosage levels for the treatment of postoperative ileus. (*Id.* at 3.) Movants claim that Defendants also asserted that Adolor would file a NDA for this indication late in the first half of 2004. (*Id* .) Movants also allege that these assertions were made even though Defendants were aware of conflicting relationships between the results of trial 313 and trial 302. (*Id.*) On January 13, 2004, Adolor reported the adverse results of the 308 study, and the price of Adolor stock plunged thirty-seven percent to a low of $13.73 per share. (*Id.*) Movants file the instant Motion to be appointed as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") to represent the class of investors affected by the stock plunge. [FN2] (*Id.*)

FN2. On the day that Movants' Motion was filed, another investor, Richard Cheng, filed an opposing Motion asking the Court to appoint him as lead Plaintiff. (Doc. No. 15.)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Mr. Cheng withdrew his Motion on August 27, 2004. (Doc. No. 35.) Plaintiff's Motion now stands unopposed.

II. Legal Standard

The PSLRA establishes the procedure for appointing a lead plaintiff in each private action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a) (2000). The plaintiff who files the initial action must publish a notice to the class within twenty (20) days of filing the action informing the class members of their right to file a motion for appointment as lead plaintiff. *Id* . § 78u-4(a)(3)(A)(i). Within sixty (60) days after publication of the notice, any person or group of persons who are members of the proposed class may move to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *Id.* § 78u-4(a)(3)(A)(i)(II).

*2 When appointing a lead plaintiff, the Court must determine the "most adequate plaintiff." *Id.* The PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that
> (aa) has either filed the complaint or made a motion in response to a notice ...;
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii).

Federal Rule of Civil Procedure 23 provides the following prerequisites to a class action: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a).

III. The Plaintiffs Satisfy the PSLRA Requirements

Movants submit that they fulfill the PSLRA requirements necessary to be appointed as Lead Plaintiff. We agree. As mentioned above, the PSLRA requires that the plaintiff who files the initial action must publish a notice to the class within twenty (20) days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). In this case, Movants published a notice in *Business Wire* on April 21, 2004. (Doc. No. 13 Ex. 4.) Next, all class members interested in moving for the appointment of lead plaintiff had to do so within sixty (60) days of the notice which in this case was by June 21, 2004. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Movants appropriately filed the instant Motion with this Court to be appointed Lead Plaintiff. The Public Pension Funds' two members have also signed and filed certifications stating that they are willing to serve as representative parties on behalf of the class. (Doc. No. 13 Exs. 2, 3.) The only other applicant withdrew his motion.

With regard to the PSLRA requirement that the Court examine whether plaintiff has the requisite financial interest in the relief sought by the class, 15 U.S.C. § 78u-4(a)(3)(B)(iii), Movants explain that during the Class Period, the Public Pension Funds suffered losses of approximately $52,000 based on their purchase of approximately 26,000 shares of Adolor stock at a cost of over $469,000. (Doc. No. 13 Ex. 1.) Movants state that the Public Pension Funds' financial interest in this matter is the largest of any competing lead plaintiff. (Doc. No. 12 at 5.) Moreover, Movants remain the only applicant for Lead Plaintiff.

A proposed lead plaintiff must also satisfy the requirements of Federal Rule of Civil Procedure 23, as discussed above. Of the four requirements in Rule 23, we need only address the last two, typicality and adequacy. *See In Re: Cendant Corp. Litig.*, 264 F.3d 302, 263 (3d Cir.2001). Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *Id.* at 264-65. Typicality does not require that there be no factual differences between the class representative and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D.Mass.1988) (" 'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members." ' (quoting *In re Elscint, Ltd. Sec. Litig.*, Civ. No. 85-2622, slip op. at 18 (D. Mass. June 22, 1987))). In the instant case, Movants, like all other class members: (1) purchased Adolor securities

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

during the Class Period at allegedly artificially inflated prices; and (2) suffered damages as a result. Accordingly, Movants' claims are typical of those of other class members since their claim and the claims of other class members arise out of the same course of events.

*3 Rule 23(a)(4) requires the lead plaintiff to "fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). The PSLRA directs us to limit our inquiry of the movant's adequacy to represent the class to the following: (1) the absence of potential conflict between the proposed lead plaintiff and the class members, and (2) the class representative's choice of counsel who is qualified, experienced, and able to vigorously conduct the proposed litigation. *Weltz v. Lee,* 199 F.R.D. 128, 133 (S.D.N.Y.2001). In the instant case, the only other applicant for lead plaintiff withdrew his application in favor of Movants. We see no evidence of antagonism between the interests of Movants and the interests of the other members of the class.

IV. Movants' Selection of Lead Counsel and Liaison Counsel

A lead plaintiff should select and retain counsel to represent the class he seeks to represent, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v) (2000). Movants have selected the law firm of Lerach Coughlin Stoia & Robbins LLP ("LCSR") as Lead Counsel and the Law Offices of Marc S. Henzel ("Marc Henzel") as Liaison Counsel. LCSR and Marc Henzel have litigated extensively in the area of securities class actions. (Doc. No. 12 Exs. 5, 6.) LCSR has been appointed as lead or co-lead counsel in landmark class actions, including *In re Enron Corp., Securities Litigation,* 206 F.R.D. 427 (S.D.Tex.2002). We are satisfied that Movants' selection of Lead Counsel and Liaison Counsel is appropriate.

V. Conclusion

Under the circumstances, Movants satisfy the requirements of Rule 23 and the requirements of the PSLRA for appointment as Lead Plaintiff in this matter. Accordingly, we will appoint the Public Pension Funds as Lead Plaintiff. We will also approve the selection of Lead Counsel and Liaison Counsel.

An appropriate Order follows.

*ORDER*

AND NOW, this 29th day of December, 2004, it is ORDERED that The Central Laborers' Pension Fund and the Greater Pennsylvania Carpenters Pension Fund's ("Public Pension Funds") Motion for appointment as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel (Doc. No. 12, No. 04- CV-1728) is GRANTED. We appoint the Public Pension Funds as Lead Plaintiff and approve Public Pension Funds' selection of Lerach Coughlin Stoia & Robbins LLP to serve as Lead Counsel and the Law Offices of Marc S. Henzel to serve as Liaison Counsel.

IT IS SO ORDERED.

2004 WL 3019235 (E.D.Pa.)

**Motions, Pleadings and Filings (Back to top)**

- 2004 WL 2695800 (Trial Motion, Memorandum and Affidavit) The Institutional Pension Funds' Reply Memoraundum in Further Support of Their Motion for Appointment as Lead Plaintiff and Appoval of Lead Plaintiff's Selection of Lead Counsel (Jul. 16, 2004)

- 2004 WL 2695785 (Trial Motion, Memorandum and Affidavit) Central Laborers' Pension Fund and Greater Pennsylvania Pension Fund's Memorandum of Law in Opposition to Richard Cheng's Motion for Appointment as Lead Plaintiff (Jul. 08, 2004)

- 2004 WL 2695779 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of the Central Laborers' Pension Fund and the Greater Pennsylvania Carpenters Pension Fund's Motion for Appointment as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel (Jun. 21, 2004)

- 2:04CV01728 (Docket) (Apr. 21, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
E.D. Pennsylvania.
GREATER PENNSYLVANIA CARPENTERS PENSION FUND, on Behalf of Itself and All Others Similarly Situated
v.
ADOLOR CORPORATION, et al.
**No. Civ.A. 04-CV-1728.**

Dec. 29, 2004.

Marc S. Henzel, Law Offices of Marc S. Henzel, Bala Cynwyd, PA, for Plaintiff.

Jeffrey G. Weil, Dechert, Price & Rhoads, Phila, PA, for Defendants.

*MEMORANDUM & ORDER*

SURRICK, J.

*1 Presently before the Court is the Motion to Appoint the Central Laborers' Pension Fund and the Greater Pennsylvania Carpenters Pension Fund ("Public Pension Funds") as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel filed by the Plaintiff Greater Pennsylvania Carpenters Pension Fund. (Doc. No. 12 .) For the following reasons, the Motion will be granted.

I. Background

Presently pending in this District are four related class action lawsuits (the "Actions") filed on behalf of persons who purchased or otherwise acquired the publicly traded securities of Adolor Corporation ("Adolor" or the "Company") between September 23, 2003, and January 14, 2004, inclusive (the "Class Period"). [FN1] These Actions were brought pursuant to sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § § 78j(b), 78t(a), (2000) and Securities and Exchange Commission ("SEC") Rule 10b-5. On June 2, 2004, we entered a Stipulation and Order Consolidating the Actions pursuant to Federal Rule of Civil Procedure 42(a). (Doc. No. 7.)

FN1. The Actions are: *Greater Pennsylvania Carpenters Pension Fund v. Adolor Corp.,* No. 04-CV-0128 (E.D. Pa. filed Apr. 21, 2004); *Vought v. Adolor Corp.,* No. 04-CV-1929 (E.D. Pa. filed May 3, 2004); *Wehr v. Adolor Corp.,* No. 04-CV-2649 (E.D. Pa. filed June 16, 2004); and *Chen v. Adolor Corp.,* No. 04-CV-2675 (E.D. Pa. filed June 17, 2004).

Movants allege that Adolor is a development stage biopharmaceutical corporation that discovers, develops, and plans to commercialize products to relieve pain while reducing the side effects of currently marketed narcotics. (Doc. No. 12 at 2.) The success of Adolor's business is tied to the successful commercialization of pain relieving analgesics. (*Id.*) Movants indicate that Adolor's flagship product candidate is called Entereg0. (*Id.*) Entereg0 is currently in Phase III clinical trials for the management of postoperative ileus. (*Id.*) Ileus is a temporary impairment of spontaneous movement through the gastrointestinal tract, which often occurs after abdominal or other surgeries. (*Id.*)

Movants allege that during the Class Period, Adolor claimed that Phase III clinical study trials 302, 313, and 308 represented the clinical efficacy studies necessary to support filing of a new drug application ("NDA") at six (6) milligram and twelve (12) milligram dosage levels for the treatment of postoperative ileus. (*Id.* at 3.) Movants claim that Defendants also asserted that Adolor would file a NDA for this indication late in the first half of 2004. (*Id* .) Movants also allege that these assertions were made even though Defendants were aware of conflicting relationships between the results of trial 313 and trial 302. (*Id.*) On January 13, 2004, Adolor reported the adverse results of the 308 study, and the price of Adolor stock plunged thirty-seven percent to a low of $13.73 per share. (*Id.*) Movants file the instant Motion to be appointed as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") to represent the class of investors affected by the stock plunge. [FN2] (*Id.*)

FN2. On the day that Movants' Motion was filed, another investor, Richard Cheng, filed an opposing Motion asking the Court to appoint him as lead Plaintiff. (Doc. No. 15.)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Mr. Cheng withdrew his Motion on August 27, 2004. (Doc. No. 35.) Plaintiff's Motion now stands unopposed.

II. Legal Standard

The PSLRA establishes the procedure for appointing a lead plaintiff in each private action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a) (2000). The plaintiff who files the initial action must publish a notice to the class within twenty (20) days of filing the action informing the class members of their right to file a motion for appointment as lead plaintiff. *Id* . § 78u-4(a)(3)(A)(i). Within sixty (60) days after publication of the notice, any person or group of persons who are members of the proposed class may move to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *Id.* § 78u-4(a)(3)(A)(i)(II).

*2 When appointing a lead plaintiff, the Court must determine the "most adequate plaintiff." *Id.* The PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that
> (aa) has either filed the complaint or made a motion in response to a notice ...;
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.
> *Id.* § 78u-4(a)(3)(B)(iii).

Federal Rule of Civil Procedure 23 provides the following prerequisites to a class action: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed.R.Civ.P. 23(a).

III. The Plaintiffs Satisfy the PSLRA Requirements

Movants submit that they fulfill the PSLRA requirements necessary to be appointed as Lead Plaintiff. We agree. As mentioned above, the PSLRA requires that the plaintiff who files the initial action must publish a notice to the class within twenty (20) days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). In this case, Movants published a notice in *Business Wire* on April 21, 2004. (Doc. No. 13 Ex. 4.) Next, all class members interested in moving for the appointment of lead plaintiff had to do so within sixty (60) days of the notice which in this case was by June 21, 2004. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Movants appropriately filed the instant Motion with this Court to be appointed Lead Plaintiff. The Public Pension Funds' two members have also signed and filed certifications stating that they are willing to serve as representative parties on behalf of the class. (Doc. No. 13 Exs. 2, 3.) The only other applicant withdrew his motion.

With regard to the PSLRA requirement that the Court examine whether plaintiff has the requisite financial interest in the relief sought by the class, 15 U.S.C. § 78u-4(a)(3)(B)(iii), Movants explain that during the Class Period, the Public Pension Funds suffered losses of approximately $52,000 based on their purchase of approximately 26,000 shares of Adolor stock at a cost of over $469,000. (Doc. No. 13 Ex. 1.) Movants state that the Public Pension Funds' financial interest in this matter is the largest of any competing lead plaintiff. (Doc. No. 12 at 5.) Moreover, Movants remain the only applicant for Lead Plaintiff.

A proposed lead plaintiff must also satisfy the requirements of Federal Rule of Civil Procedure 23, as discussed above. Of the four requirements in Rule 23, we need only address the last two, typicality and adequacy. *See In Re: Cendant Corp. Litig.*, 264 F.3d 302, 263 (3d Cir.2001). Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *Id.* at 264-65. Typicality does not require that there be no factual differences between the class representative and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D.Mass.1988) (" 'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members." ' (quoting *In re Elscint, Ltd. Sec. Litig.*, Civ. No. 85-2622, slip op. at 18 (D. Mass. June 22, 1987))). In the instant case, Movants, like all other class members: (1) purchased Adolor securities

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

during the Class Period at allegedly artificially inflated prices; and (2) suffered damages as a result. Accordingly, Movants' claims are typical of those of other class members since their claim and the claims of other class members arise out of the same course of events.

*3 Rule 23(a)(4) requires the lead plaintiff to "fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). The PSLRA directs us to limit our inquiry of the movant's adequacy to represent the class to the following: (1) the absence of potential conflict between the proposed lead plaintiff and the class members, and (2) the class representative's choice of counsel who is qualified, experienced, and able to vigorously conduct the proposed litigation. *Weltz v. Lee,* 199 F.R.D. 128, 133 (S.D.N.Y.2001). In the instant case, the only other applicant for lead plaintiff withdrew his application in favor of Movants. We see no evidence of antagonism between the interests of Movants and the interests of the other members of the class.

IV. Movants' Selection of Lead Counsel and Liaison Counsel

A lead plaintiff should select and retain counsel to represent the class he seeks to represent, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v) (2000). Movants have selected the law firm of Lerach Coughlin Stoia & Robbins LLP ("LCSR") as Lead Counsel and the Law Offices of Marc S. Henzel ("Marc Henzel") as Liaison Counsel. LCSR and Marc Henzel have litigated extensively in the area of securities class actions. (Doc. No. 12 Exs. 5, 6.) LCSR has been appointed as lead or co-lead counsel in landmark class actions, including *In re Enron Corp., Securities Litigation,* 206 F.R.D. 427 (S.D.Tex.2002). We are satisfied that Movants' selection of Lead Counsel and Liaison Counsel is appropriate.

V. Conclusion

Under the circumstances, Movants satisfy the requirements of Rule 23 and the requirements of the PSLRA for appointment as Lead Plaintiff in this matter. Accordingly, we will appoint the Public Pension Funds as Lead Plaintiff. We will also approve the selection of Lead Counsel and Liaison Counsel.

An appropriate Order follows.

*ORDER*

AND NOW, this 29th day of December, 2004, it is ORDERED that The Central Laborers' Pension Fund and the Greater Pennsylvania Carpenters Pension Fund's ("Public Pension Funds") Motion for appointment as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel (Doc. No. 12, No. 04- CV-1728) is GRANTED. We appoint the Public Pension Funds as Lead Plaintiff and approve Public Pension Funds' selection of Lerach Coughlin Stoia & Robbins LLP to serve as Lead Counsel and the Law Offices of Marc S. Henzel to serve as Liaison Counsel.

IT IS SO ORDERED.

2004 WL 3019235 (E.D.Pa.)

**Motions, Pleadings and Filings** **(Back to top)**

- 2004 WL 2695800 (Trial Motion, Memorandum and Affidavit) The Institutional Pension Funds' Reply Memoraundum in Further Support of Their Motion for Appointment as Lead Plaintiff and Appoval of Lead Plaintiff's Selection of Lead Counsel (Jul. 16, 2004)

- 2004 WL 2695785 (Trial Motion, Memorandum and Affidavit) Central Laborers' Pension Fund and Greater Pennsylvania Pension Fund's Memorandum of Law in Opposition to Richard Cheng's Motion for Appointment as Lead Plaintiff (Jul. 08, 2004)

- 2004 WL 2695779 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of the Central Laborers' Pension Fund and the Greater Pennsylvania Carpenters Pension Fund's Motion for Appointment as Lead Plaintiff and for Approval of Lead Plaintiff's Selection of Lead Counsel (Jun. 21, 2004)

- 2:04CV01728 (Docket) (Apr. 21, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.