IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PENNSYLVANIA EMPLOYEES BENEFIT
TRUST FUND, on behalf of itself and all others
similarly situated,

                                    Plaintiff,          Civ. No. 05-075-SLR

        v.

ZENECA, INC. and ASTRAZENECA
PHARMACEUTICALS, L.P.

                                    Defendants.

_____

*(additional case captions appear on next page)*

**PLAINTIFFS' JOINT BRIEF IN OPPOSITION TO DEFENDANTS'
MOTION FOR A CONTINUANCE OF JUNE 23, 2005 SCHEDULING
CONFERENCE AND FOR A STAY OF DISCOVERY**

                        Pamela S. Tikellis (D.S.B.A. No. 2172)
                        A. Zachary Naylor (D.S.B.A. No. 4439)
                        Robert R. Davis (D.S.B.A. No. 4536)
                        CHIMICLES & TIKELLIS LLP
                        One Rodney Square
                        P.O. Box 1035
                        Wilmington, DE  19899
                        Telephone:  (302) 656-2500
                        Facsimile:  (302) 656-9053

DATED:  June 14, 2005

LINDA A. WATERS, Commissioner, Offices
of Financial and Insurance Services for the State
of Michigan in her capacity as Rehabilitator of
The Wellness Plan and in her capacity as
Liquidator of Michigan Health Maintenance
Organization Plans, Inc., formerly known as
OmniCare Health Plan, Inc., individually and on
behalf of all others similarly situated,

                           Plaintiff,        No. 05-196-SLR

      v.

ASTRAZENECA PHARMACEUTICALS, L.P.
and ZENECA, INC.

                         Defendants.

JOSEPH MACKEN, on behalf of himself and
all others similarly situated,

                           Plaintiff,        Civ. No. 05-220-SLR

      v.

ASTRAZENECA PHARMACEUTICALS, L.P.
and ZENECA, INC.

                         Defendants.

# TABLE OF CONTENTS

**PAGE**

I.     INTRODUCTION ..............................................................................................1

II.    BACKGROUND ...............................................................................................2

    A.    The Plaintiffs' Proposed Pretrial Order ....................................................2

    B.    Plaintiffs' Consolidated Class Action Complaint .....................................4

    C.    The Court Issues Its Own Scheduling Order and Orders
       This Litigation to Proceed .........................................................................5

    D.    Defendants Refuse to Comply with the Court's Order .............................5

III.   ARGUMENT ....................................................................................................5

    A.    Defendants' Motion Is a Poorly Disguised Motion to Reconsider ...........5

    B.    There Is No Indication the Court Issued Its Order in Error .....................6

    C.    Plaintiffs Did Not Previously Agree to Stay Discovery in
       This Case ...................................................................................................7

    D.    Defendants Have Already Violated This Court's Order ............................8

    E.    Defendants Cannot Establish The Requisite Strong Showing
       to Justify a Stay ........................................................................................8

         1.    The mere fact that Defendants intend in the future to
             move to dismiss does not warrant a stay of Rule 26(a)(1)
             early disclosures ........................................................................10

         2.    Defendants' skeletal summary of their intended dismissal
             motion falls short of the requisite "strong showing" that
             Plaintiffs' Complaint clearly lacks merit .....................................11

         3.    Defendants cite no undue prejudice to offset the
             well-established benefits of Rule 26(a)(1)-required early
             disclosures ..................................................................................14

IV.    CONCLUSION ................................................................................................15

# TABLE OF AUTHORITIES

## CASES

**PAGE**

*Bates v. Dow Argosciences LLC,*
__ U.S. __, 125 S. Ct. 1788, 161 L. Ed. 687 (2005)............................................12

*Coca-Cola Bottling Co. v. Grol,*
1993 WL 13139559 (E.D. Pa. Mar. 8, 1993).......................................................10

*In re Currency Conversion Fee Antitrust Litig.,*
2002 U.S. Dist. Lexis 974 (S.D.N.Y. Jan. 22, 2002).......................................9, 10

*Desiano v. Warner-Lambert Co.,*
326 F.3d 339 (2d Cir. 2003).......................................................................2, 12, 13

*Evans v. Yum Brands, Inc.,*
326 F. Supp. 2d 214 (D.N.H. 2004)..............................................................9, 10

*Feldman v. Flood,*
176 F.R.D. 651 (M.D. Fla. 1997)........................................................................10

*Gray v. First Winthrop Corp.,*
133 F.R.D. 39 (N.D. Cal. 1990)......................................................................9, 10

*Harsco Corp. v. Zlotnicky,*
779 F.2d 906 (3d Cir. 1985)..................................................................................6

*Karr v. Castle,*
768 F. Supp. 1087 (D. Del. 1991)........................................................................6

*In re Lotus Dev. Corp. Sec. Litig.,*
875 F. Supp. 48 (D. Mass. 1995).....................................................................9, 10

*Medtronic, Inc. v. Lohr,*
518 U.S. 470 (1996)...................................................................................2, 12

*Mylan Labs., Inc. v. Matkari,*
7 F.3d 1130 (4th Cir. 1993) ...............................................................................13

*N.A.I.F. Inc. v. Snyder,*
2005 U.S. Dist. Lexis 5127 (D. Del. Mar. 30, 2005)...........................................6

*North River Ins. Co. v. CIGNA Reins.,*
52 F.3d 1194 (3d Cir. 1995)..................................................................................6

*In re Paxil Litig.,*
2002 U.S. Dist. Lexis 24621 (C.D. Cal. Oct. 16, 2002) .....................................12

- ii -

*In re R. M. J.*,
  455 U.S. 191 (1982);....................................................................................1, 11

*Seaton v. Seaton*,
  1997 U.S. Dist. Lexis 12560 (E.D. Tenn. Mar. 11, 1997)...............................9, 10

*Simpson v. Specialty Retail Concepts, Inc.*,
  121 F.R.D. 261 (M.D.N.C. 1988)........................................................................10

*Skellerup Indus. v. City of Los Angeles*,
  163 F.R.D. 598 (C.D. Cal. 1995)........................................................................10

*Solvay Pharms., Inc. v. Global Pharms.*,
  298 F. Supp. 2d 880 (D. Minn. 2004)..................................................................13

*Standard Chlorine v. Sinibaldi*,
  821 F. Supp. 232 (D. Del. 1992)...........................................................................8

*Turner Broadcasting Sys. v. Tracinda Corp.*,
  175 F.R.D. 554 (D. Nev. 1997)...........................................................................10

*In re Warfarin Sodium Antitrust Litig.*,
  391 F.3d 516 (3d Cir. 2004)................................................................................12

*Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*,
  707 F. Supp. 1429 (D. Del. 1989).........................................................................8

*Zenith Labs., Inc. v. Abbott Labs.*,
  1996 U.S. Dist. Lexis 22567 (D.N.J. Aug. 5, 1996)............................................12

# I. INTRODUCTION

Last month, this Court ordered the parties to exchange Rule 26(a)(1)-mandated disclosures, conduct a Fed. R. Civ. P. 26(f) conference and appear for a scheduling conference (hereinafter the "*May 19 Order*" or the "Order"). Asserting that the Court must have issued its order in error, Defendants have refused to comply with the Court order and instead move to stay the order on the grounds that they intend to file a motion to dismiss next month.

But the Court did not err, and Defendants' mislabeled motion to reconsider should be denied. Such motions are proper only to correct manifest errors of law or fact, to present newly discovered evidence, or to prevent manifest injustice. Defendants' motion, however, is silent to what grave error or injustice, or new evidence, so undermines the *May 19 Order* to warrant reconsideration. The Court certainly imagined that Defendants might move to dismiss. Not only are such motions routine in a case of this complexity, but the Court had before it papers indicating Defendants' intent. *See infra* at 2, 6.

Nor is reconsideration warranted by any prior agreement with Plaintiffs. Defendants suggest – falsely – that Plaintiffs previously agreed to stay all discovery pending Defendants' dismissal motion. There was no such agreement, and Defendants' counsel acknowledged this when it sought Plaintiffs' consent to their motion. Counsel admitted that Defendants' *only* basis to seek a continuance was their intent to move for dismissal. *See infra* at 5, 7.

Moreover, Defendants' motion falls far short of its heavy burden to justify staying the Rule 26(a)(1)-mandated early disclosures ordered by the Court. Though Defendants must make a "strong showing" that Plaintiffs' claims are utterly meritless, their summaries of arguments they intend to make fall short: (i) the First Amendment does not protect their deceptive advertising (*e.g., In re R. M. J.*, 455 U.S. 191, 203 (1982)); (ii) the

- 1 -

Federal Food, Drug, and Cosmetics Act ("FDCA") contains no express preemptive language nor can it be read to impliedly preempt Plaintiffs' state-law claims (*e.g., Medtronic, Inc. v. Lohr*, 518 U.S. 470, 487 (1996)); and (iii) far from being novel and inactionable as a matter of law, the viability of Plaintiffs' claims was recently confirmed by the Second Circuit, which cited an identical factual scenario as a classic case of actionable deceptive advertising (*Desiano v. Warner-Lambert Co.*, 326 F.3d 339, 349-50 (2d Cir. 2003)). *See infra* at 8-13. Finally, Defendants assert no prejudice beyond their hope of evading disclosure obligations that could offset the widely recognized benefits of the early disclosures mandated by Rule 26(a)(1) and this Court's Order. *See infra* at 14. Defendants' motion should be denied.

## II.    BACKGROUND

### A.    The Plaintiffs' Proposed Pretrial Order

On May 5, 2005, the named plaintiffs in three related class actions filed an unopposed motion with this Court to consolidate the class actions pending in Delaware federal court into a single action, and then coordinate the consolidated action with any individual related actions subsequently filed in or transferred to this Court (collectively referred to herein as the "Related Individual Cases"). *See* [Proposed] Pretrial Order No. 1 ("[Proposed] PTO1") at 1 ¶ 2, Dkt. No. 16 (copy attached as Exhibit A to Affidavit of Steve W. Berman ("Berman Aff.")).[1]   The proposed pretrial order submitted with the motion established procedures for efficiently managing the consolidated class actions with the Related Individual Cases and various related Delaware state-court actions. Among other things, the proposed order provided for the filing of a consolidated complaint and indicated that Defendants might move to dismiss it:

---

[1] The docket references in Plaintiffs' Joint Brief in Opposition to Defendants' Motion for a Continuance are to *Pennsylvania Employees Benefit Trust Fund v. Zeneca, Inc., et al.*, Civ. No. 05-075-SLR, the first filed case.

> 22.    Defendants are not required to respond to the
> individual complaint.  On or before May 27, 2005,
> Plaintiffs in the Class Action Cases shall file a
> Consolidated Class Action Complaint.  Defendants shall
> answer, move or otherwise respond to the Consolidated
> Class Action Complaint on or before July 1, 2005.  In the
> event that Defendants file a motion, Plaintiffs shall respond
> to the motion by August 5, 2005.  Defendants may file a
> reply on or before August 25, 2005.

[Proposed] PTO1 at 7, Dkt. No. 16.  The proposed order also provided that discovery

would proceed notwithstanding Defendants' motion to dismiss, and warranted that the

"interim co-lead counsel" would "use their best efforts to coordinate the procedural

conduct of the Class Action Cases with the conduct of any Related Individual Cases,

including the formulation of discovery requests, notices and the taking of depositions,

pleadings, brief and motion papers."  *Id*. at ¶ 23.  Pursuant to these "best efforts":

> All counsel in the Coordinated Action shall use their best
> efforts to avoid duplication, inefficiency and inconvenience
> to the Court, the parties, counsel and witnesses.  Thus, in
> the event Related Individual Cases are filed in or
> transferred to this Court, counsel for all Plaintiffs shall
> confer before serving any requests or responses, and they
> shall eliminate duplicative or overlapping requests or
> responses.  [*Id*.]

The [Proposed] PTO1 went on to note that plaintiffs' counsel in one related case

agreed to stay all proceedings there but that plaintiffs' counsel in three other related cases

did not.  *Id*. at ¶ 24.  Defendants reserved their right to seek to stay all proceedings in

those three related actions.  *Id*.  Finally, when discovery commences in any of those

related actions, the [Proposed] PTO1 required counsel to use their "best efforts" to

coordinate discovery with the present action:

> In the event that any of the State Class Actions, or any
> other related individual or class action brought in any state
> court by any plaintiff represented by any of the Interim
> Class Counsel or Other Counsel (collectively the "Related
> State Class Actions"), proceeds to discovery, Interim Class
> Counsel and Other Counsel, and any counsel associated
> with them, shall use their best efforts to coordinate

- 3 -

> discovery between the Coordinated Action and the Related
> State Class Actions, including the formulation of discovery
> requests and the noticing and taking of depositions. This
> Paragraph shall not apply to any related individual or class
> action brought in any state court where no plaintiff is
> represented by any of the Interim Class Counsel or Other
> Counsel. [*Id.*]

## B. Plaintiffs' Consolidated Class Action Complaint

On May 27, 2005, plaintiffs filed the Consolidated Class Action Complaint

("CCAC"), Dkt. No. 20. The CCAC is 76 pages, contains 184 paragraphs, and alleges in

detail Defendants' unlawful scheme involving the marketing and promotion of Nexium.

The core of the case as alleged in the CCAC is as follows:

Defendants were the holders of a patent for Prilosec, the world's most prescribed

drug in the year 2000. Faced with the expiration of their patent for Prilosec, Defendants

engaged in a multi-prong attack to prevent market loss upon entry of a generic Prilosec.

First, they attacked generic manufacturers in court seeking to delay entry of generic

competition. Second, shortly before the patent on Prilosec was set to expire, they

obtained FDA approval for the newly patented Nexium. They then launched a massive

advertising campaign to persuade Prilosec users and their doctors that Nexium was a

better drug for the treatment of heartburn when in fact they are nearly identical drugs at

radically different prices (Prilosec now sells over the counter for 46¢ per pill and Nexium

sells at over $4.00 per pill).

Defendants' campaign was very effective and as a result of their actions, Nexium

began to replace Prilosec virtually overnight. While the sales of Prilosec fell sharply,

sales of Nexium skyrocketed to $3.3 billion by 2003. Defendants' campaign generated

billions of dollars of unnecessary drug expenditures in this country.

Plaintiffs' CCAC seeks restitution and equitable relief on behalf of the Plaintiffs

and a proposed nationwide (excepting Massachusetts and California) class of consumers

- 4 -

arising out of Defendants' advertising and promotion of Nexium. The CCAC asserts claims for practices and acts that are unfair, deceptive and unlawful in violation of the Delaware Consumer Fraud Act and consumer protection statutes of 47 other states.

### C. The Court Issues Its Own Scheduling Order and Orders This Litigation to Proceed

On May 19, 2005, this Court issued its own discovery/scheduling order requiring the parties to disclose certain categories of information, conduct a Rule 26 conference and participate in a telephonic scheduling conference for June 23, 2005. The *May 19 Order* also required the parties to "submit a discovery plan to the [Court] not later than 24 hours prior to the conference with the court." *May 19 Order* at ¶ 3, Dkt. No. 19.

### D. Defendants Refuse to Comply with the Court's Order

Plaintiffs' counsel thereafter contacted defense counsel to initiate compliance with the Order. Defense counsel rebuffed their efforts by refusing to cooperate in disclosing information, conducting a Rule 26 conference or preparing a discovery plan. According to defense counsel, this Court issued its *May 19 Order* without knowledge that Defendants were preparing to move to dismiss the CCAC, despite ¶ 22 of the Proposed PTO1, which provided for a briefing schedule if Defendants responded by motion. Berman Aff. ¶ 5. Defense counsel stated that they would not comply with the Order and would ask the Court for a stay solely because they intended to move to dismiss the CCAC. *Id.*; Ex. B to Berman Aff. (e-mail exchange between Peter I. Ostroff and Steve Berman).

### III. ARGUMENT

### A. Defendants' Motion Is a Poorly Disguised Motion to Reconsider

Defendants ask the Court for relief from every obligation imposed on them by the Court's *May 19 Order*. Yet they decline to identify their motion as for reconsideration, misleadingly titling it instead as one for "continuance" of the events ordered by the Court

- 5 -

in the *May 19 Order*. Nor do they make reference to Local Rule 7.1.5 or Fed. R. Civ. P. 59, which govern motions to reconsider.

Defendants run from the "reconsideration" label for good reason. As a general rule, motions for reconsideration are granted sparingly. *E.g., N.A.I.F. Inc. v. Snyder*, 2005 U.S. Dist. Lexis 5127, at *3 (D. Del. Mar. 30, 2005); *Karr v. Castle*, 768 F. Supp. 1087, 1090 (D. Del. 1991). The purpose of granting reconsideration is to correct manifest errors of law or fact, present newly discovered evidence, or to prevent manifest injustice. *North River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Harsco Corp. v. Zlotnicky*, 779 F.2d 906, 908 (3d Cir. 1985). Defendants' motion does not – and cannot – argue that the Court committed a "manifest error" that requires correction. Nor does it present newly discovered evidence or urge that the Court's Order, if "uncorrected," will cause manifest injustice. These reasons alone are sufficient to reject Defendants' motion.

**B.     There Is No Indication the Court Issued Its Order in Error**

Plaintiffs disagree with Defendants that the Court issued its *May 19 Order* by mistake or inadvertence or without knowledge. Plaintiffs' Unopposed Motion for Entry of Pretrial Order No. 1, filed May 5, 2005, was before the Court. That motion and its supporting papers essentially served as a status report for the present class actions and various related actions filed in Delaware and elsewhere. Further, the [Proposed] PTO1 gave notice that Defendants may be moving to dismiss the consolidated complaint and set forth a briefing schedule in that event. The [Proposed] PTO1 also indicated that discovery would proceed and made no provision to interrupt it when Defendants filed their dismissal motion. *See supra* at 3-4; [Proposed] PTO1 at 7-8, ¶¶ 23-24, Dkt. No. 16. Notwithstanding this plain notice of Defendants' intent to seek dismissal, the Court

- 6 -

entered its *May 19th Order* instructing the parties to exchange certain relevant documents and prepare a discovery plan.

Defendants suggest no reason to conclude this Court issued its Order in error. Indeed, the motion is utterly silent as to what flaw so infects the Order as to compel vacating or otherwise staying it. In Plaintiffs' view, the Court has spoken and the parties must comply.

## C.  Plaintiffs Did Not Previously Agree to Stay Discovery in This Case

Defendants also suggest that Plaintiffs agreed in the [Proposed] PTO1 to stay discovery in this case if discovery were stayed in any related action filed anywhere in this country. Defs. Br. at 8. Not so. Plaintiffs agreed to use their "best efforts" to coordinate discovery so as to "avoid duplication, inefficiency and inconvenience" to all involved in the litigation. *See supra* at 3-4; [Proposed] PTO1 at 7-8, ¶¶ 23-24, Dkt. No. 16. But Plaintiffs expressly refused language proposed by Defendants that would have unconditionally linked the progress of discovery here with discovery elsewhere. Plaintiffs explicitly informed Defendants that they would not agree to delay discovery here to match the pace of discovery in other cases that Defendants may have succeeded in slowing. Berman Aff. ¶ 3.

Moreover, Defendants' correspondence with Plaintiffs regarding Defendants' compliance with the *May 19 Order* confirms that Defendants were ignoring the Order *solely* due to their intention to file a motion to dismiss. *See id.*; *supra* at 5. Nowhere did Defendants cite to Plaintiffs any purported agreement to stay discovery. Defendants understood this then, and it is disingenuous on their part to suggest now that Plaintiffs agreed otherwise.

- 7 -

**D.     Defendants Have Already Violated This Court's Order**

Several weeks have passed since the Court issued its Order, and the June 23

conference date is looming.  The Court ordered that "counsel shall immediately

exchange" the information identified in the Order.  *May 19th Order* at 2-3, Dkt. No. 19.

Defendants have refused to do so.  They have also indicated their refusal to comply with

the remainder of the Order:  to "confer pursuant to Fed. R. Civ. P. 26(f)" and prepare "a

discovery plan" for the Court.  *Id.*; Berman Aff. ¶ 6.

Perhaps Defendants believe that the mere filing of their motion "for continuance"

somehow relieves them of their obligations under the Court's Order.  But courts of this

district have already rejected Defendants' view:

> Defendant's argument assumes that the moment it has filed
> a motion to stay discovery on the damages issue, it need no
> longer obey basic discovery rules.  Defendant is in effect
> granting itself a stay of discovery.  Simple logic teaches
> that defendant has put the presumption on the wrong side:
> unless and until it is granted a stay, defendant should be
> required to conduct discovery as if no motion had been
> filed at all.

*Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F. Supp. 1429, 1441

(D. Del. 1989).  *See also Standard Chlorine v. Sinibaldi,* 821 F. Supp. 232, 261 (D. Del.

1992) (quoting *Willemijn Houdstermaatschaapij*).

Defendants' motion did not release them from the Court's Order, which remains

in full force.  Defendants should be ordered to comply immediately with the *May 19*

*Order* and cautioned that future violations of this Court's orders or further foot-dragging

on discovery in this case will not be tolerated.

**E.     Defendants Cannot Establish The Requisite Strong Showing to Justify a Stay**

Finally, Defendants have not otherwise established a reason to interrupt the

progress of this case.  In class actions, as in other kinds of litigation, "[c]ourts generally

frown on motions to stay discovery and deny them in the absence of compelling reasons."

*Evans v. Yum Brands, Inc.*, 326 F. Supp. 2d 214, 226 (D.N.H. 2004) (quoting 3 ALBA

CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS § 9:43, at 404 (4th ed.

2002)); *see also In re Lotus Dev. Corp. Sec. Litig.*, 875 F. Supp. 48, 51 (D. Mass. 1995)

(denying requested stay of automatic disclosure and discovery).

     Moreover, the Federal Rules of Civil Procedure do not provide for staying

discovery or Rule 26(a)(1)-mandated disclosures[2] in the event defendants move to

dismiss the complaint (or in this case, announce their intention to do so). Permitting

stays of automatic disclosures without a strong showing would thus contradict the thrust

of the Federal Rules. Had the Federal Rules contemplated that a motion to dismiss under

Fed. R. Civ. P. 12(b)(6) would stay disclosures, the Rules would contain a provision to

that effect. *See In re Currency Conversion Fee Antitrust Litig.*, 2002 U.S. Dist. Lexis

974, at *4-5 (S.D.N.Y. Jan. 22, 2002); *Seaton v. Seaton*, 1997 U.S. Dist. Lexis 12560, at

*15-16 (E.D. Tenn. Mar. 11, 1997); *In re Lotus Dev. Corp. Sec. Litig.*, 875 F. Supp. at

51; *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990) (same regarding

discovery in general). Staying disclosures by mere dint of the filing of a dismissal

motion would "undermine the spirit of [Rule 26(a)(1)], and carve out a wholesale

exception to automatic disclosure that is not specifically contemplated by the text or

committee rules." *Seaton*, 1997 U.S. Dist. Lexis 12560, at *15-16 (citing *In re Lotus*,

875 F. Supp. at 51).

     Accordingly, the party seeking to stay disclosures or discovery carries the heavy

burden of making a "strong showing." *Gray*, 133 F.R.D. at 40 (citing *Blankenship v.

Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). To stay all Rule 26(a)(1) initial

---

[2] Rule 26 makes a distinction between "disclosure" and "discovery." "Disclosure" refers to those materials and information to be turned over "without awaiting a discovery request." Fed. R. Civ. P. 26(a)(1)-(4). "Discovery" is used to refer to the formal method of obtaining information through requests. The Rule also provides for the planning, timing and sequencing of "discovery." Rule 16 carefully parses the difference between the two terms and uses them consistently with the meanings indicated in Rule 26. "Disclosure" is treated differently from "discovery" throughout the Rules because it is, in fact, different. *See In re Lotus*, 875 F. Supp. at 49-50, 53 (treating disclosure and discovery as distinct concepts).

- 9 -

disclosure pending resolution of a motion to dismiss, the defendant must make a "strong showing" that the plaintiff's claim is without merit.  6 MOORE'S FEDERAL PRACTICE § 26.22[3][b] at 26-64 (3d ed. 1997); *In re Currency Conversion Fee Antitrust Litig.*, 2002 U.S. Dist. Lexis 974, at *4-5.  A showing that a dismissal motion is merely "colorable" is insufficient.  *In re Lotus*, 875 F. Supp. at 51.

District courts thus routinely deny motions to stay disclosures or discovery pending adjudication of a motion to dismiss.  *See Evans*, 326 F. Supp. 2d at 226; *In re Currency Conversion Fee Antitrust Litig.*, 2002 U.S. Dist. Lexis 974, at *4-5 (denying stay of Rule 26(a)(1) disclosures while staying non-custodial depositions); *Seaton*, 1997 U.S. Dist. Lexis 12560, at *15-16; *In re Lotus*, 875 F. Supp. at 53 (denying requested stay of automatic disclosure and discovery); *Turner Broadcasting Sys. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997); *Feldman v. Flood*, 176 F.R.D. 651, 653 (M.D. Fla. 1997); *Coca-Cola Bottling Co. v. Grol*, 1993 WL 13139559, at *4 (E.D. Pa. Mar. 8, 1993); *Gray*, 133 F.R.D. at 40; *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 264 (M.D.N.C. 1988).

Here, Defendants have failed to satisfy their heavy burden that a stay of discovery is necessary.

### 1. The mere fact that Defendants intend in the future to move to dismiss does not warrant a stay of Rule 26(a)(1) early disclosures

Defendants' arguments here are speculative.  They urge that a stay of the Court's Order is necessary in light of an *unfiled* motion to dismiss.  But it is well established that "a defendant's confidence that it will prevail on a dispositive motion does not in and of itself justify holding discovery in abeyance."  *See Evans*, 326 F. Supp. 2d at 226.  Nor does defendants' "[i]dle speculation … satisfy Rule 26(c)'s good cause requirement." *Skellerup Indus. v. City of Los Angeles*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995). Defendants here do nothing more than assert in conclusory fashion that their motion to

- 10 -

dismiss will succeed.  Defs. Br. at 5-6.  They cite no supporting authority for their

assertions, and their speculation regarding of the purported strength of their dismissal

arguments does not meet their heavy burden on this motion.

      **2.**     **Defendants' skeletal summary of their intended dismissal motion falls
short of the requisite "strong showing" that Plaintiffs' Complaint
clearly lacks merit**

Plaintiffs allege garden-variety claims for violation of the Delaware Consumer

Fraud Act and similar acts of other states, plus other common-law violations.  CCAC at

61-73.  Defendants cite in summary fashion to their arguments to dismiss these claims,

but those arguments do not make the requisite strong showing to justify a stay.  For

example, Defendants claim that the CCAC should be dismissed because the First

Amendment protects their conduct.  Defs. Br. at 5.  Yet it is black-letter law that the First

Amendment does not protect deceptive advertising.  *E.g., In re R. M. J.*, 455 U.S. 191,

203 (1982) ("Truthful advertising related to lawful activities is entitled to the protections

of the First Amendment…. Misleading advertising may be prohibited entirely.").

Defendants' other asserted grounds for dismissal are equally specious.

Defendants claim that the complaint is "at bottom" a challenge to the FDA's approval of

Nexium.  Even a cursory reading of the complaint reveals that it is not an attack on

approval, but instead attacks Defendants' false advertising.  *See*, *e.g.*, CCAC ¶ 155.

Nor do Defendants' naked assertions of "preemption" establish that the CCAC's

state-law consumer claims must be dismissed.  We can only assume (because Defendants

do not say) that they intend to argue that the FDCA preempts Plaintiffs' claims.  But the

FDCA contains no express preemptive language.  Nor can the FDCA be read to impliedly

preempt Plaintiffs' deceptive-advertising claims.  First, the Supreme Court has ruled that

Congress' failure to provide a private federal remedy is persuasive evidence of

Congressional intent *not* to preempt private state claims, because finding preemption

- 11 -

would then perversely grant immunity to an industry that, "in the judgment of Congress, needed more stringent regulation." *Medtronic, Inc. v. Lohr*, 518 U.S. 470, 487 (1996). *Medtronic* found it "difficult to believe that Congress would, without comment, remove all means of judicial recourse for those injured by illegal conduct …." *Id. See also Bates v. Dow Argosciences LLC*, ___ U.S. ___, 125 S. Ct. 1788, 1801, 161 L. Ed. 687 (2005) (Supreme Court reiterated its determination in *Medtronic* that state law claims are not preempted absent a clear and manifest Congressional intent to the contrary); *In re Paxil Litig.*, 2002 U.S. Dist. Lexis 24621, at *2-4 (C.D. Cal. Oct. 16, 2002) (the lack of a federal private rights of action weighed against preemption of private state claims, thereby allowing plaintiffs to proceed with false-advertising and consumer-protection claims); *Zenith Labs., Inc. v. Abbott Labs.*, 1996 U.S. Dist. Lexis 22567, at *2-4, *11, *13 (D.N.J. Aug. 5, 1996) (denying motion to dismiss state-law claim against drug producer relating to FDCA violation, since unfair-competition-based claims were not preempted: "the state laws that regulate competition in the marketplace and the FFDCA are not in conflict and easily coexist…. It simply cannot be said that such state laws 'stand[] as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'").

The notion that the FDA has exclusive authority to oversee and remedy all deceptive drug-marketing practices is also demonstrably false. *See, e.g., In re Warfarin Sodium Antitrust Litig.,* 391 F.3d 516, 529 (3d Cir. 2004) (affirming approval of settlement of claims asserted on behalf of a nationwide class of end-payors of prescription-drug Coumadin brought under, *inter alia*, Delaware Consumer Fraud Act); *Desiano v. Warner-Lambert Co.*, 326 F.3d 339, 350 (2d Cir. 2003) (recognizing private right under the New Jersey Consumer Fraud Act to recover from drug company the amounts overpaid due to illegal or deceptive marketing practices); *Solvay Pharms., Inc. v.*

.

- 12 -

*Global Pharms.*, 298 F. Supp. 2d 880, 885 (D. Minn. 2004) (recognizing actionability of

claims under Minnesota law against drug company for false assertions about a drug);

*Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1136-38 (4th Cir. 1993) (upholding state and

federal claims against drug manufacturer for falsely marketing drug as bioequivalent to

innovator drug and approved generic equivalents).

 As to whether Plaintiffs can plead an actionable misstatement at all, the Second

Circuit cited a scenario virtually identical to Plaintiffs' claims here to illustrate a

deceptive-advertising claim that is fundamentally actionable:

> But it is easy to see how Defendants' reasoning is flawed.
> Consider, for example, a hypothetical in which a defendant
> drug company markets a "new," much more expensive
> drug claiming it is a great advancement (safer, more
> effective, *etc.* than metformin – the standard diabetes drug)
> when in fact the company is simply replicating the
> metformin formula and putting a new label on it.  In other
> words, the only difference between metformin and the
> "new" drug is the new name and the higher prescription
> price (paid almost entirely by the insurance company).  In
> that case, the "new" drug would be exactly as safe and
> effective as metformin, and thus there could be no injury to
> any of the insurance company's insured.  Nevertheless, the
> insurance companies would be able to claim – precisely as
> they do here – that the defendants engaged in a scheme to
> defraud it, and that the company suffered direct economic
> losses as a result.

*Desiano*, 326 F.3d at 349-50.  *Desiano* recognized a right under the New Jersey

Consumer Fraud Act to recover from drug companies the amounts that were overpaid due

to illegal or deceptive marketing practices.  This, of course, aptly describes Plaintiffs'

claims here, which are actionable despite Defendants' bare assertions to the contrary.

 Defendants' summary of their unfiled motion thus is not a "strong showing" of

the lack of merit of Plaintiffs' claims that justifies a stay of the Court-ordered disclosures.

- 13 -

**3.      Defendants cite no undue prejudice to offset the well-established
         benefits of Rule 26(a)(1)-required early disclosures**

Aside from their aspiration that their promised dismissal motion will end this
litigation and allow them to avoid discovery altogether, Defendants do not complain of
any prejudice from producing the Court-ordered disclosures.  Nor can they.  The breadth
of the disclosures is quite limited – it is the mandatory disclosure compelled in every case
under Rule 26(a)(1) of the Federal Rules of Civil Procedure.  Indeed, in the years since
Rule 26(a)(1) was first proposed, courts, legal commentators and other members of the
legal community have weighed and reweighed the burdens and benefits of these early
disclosures.  The early-disclosure rule was tested, adopted and embraced.  According to
the *Lotus* court, Rule 26(a)(1)'s mandatory disclosures serve the "salutary purpose" of
reducing both the delay and cost of litigation:

> The salutary purpose identified by the advisory
> committee is "to accelerate the exchange of basic
> information about the case and to eliminate the paper work
> involved in requesting such information."  More colorfully
> put, the committee set out to slay the twin dragons of cost
> and delay. *See* William W. Schwarzer, *Slaying the
> Monsters of Cost and Delay*, 74 JUDICATURE 178, (1991).
> The reform is expected to "reduce the cost and delay of
> obtaining plainly relevant core information, while limiting
> the opportunities to obstruct and delay the disclosure of
> such information." Schwarzer, *In Defense of "Automatic
> Disclosure in Discovery,"* 27 GA. L. REV. 655, 660 (1993).

It hence is too late for Defendants to argue that complying with the rule and the
Court's order will burden them unduly merely because they hope to prevail on an as-yet-
unfiled motion to dismiss.

- 14 -

## IV.    CONCLUSION

For all of the foregoing reasons, the Court should deny Defendants' Motion for

Continuance of June 23, 2005 Scheduling Conference And For a Stay of Discovery.

DATED:  June 14, 2005

CHIMICLES & TIKELLIS LLP

By _____

Pamela S. Tikellis (#2172)
A. Zachary Naylor (#4439)
Robert R. Davis (#4536)
One Rodney Square
P.O. Box 1035
Wilmington, DE  19899
Telephone:  (302) 656-2500
Facsimile:  (302) 656-9053

### *Proposed Interim Liasion Counsel*

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO
LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone:  (206) 623-7292

Thomas M. Sobol
HAGENS BERMAN SOBOL SHAPIRO
LLP
One Main Street, 4th Floor
Cambridge, MA  02142
Telephone:  (617) 482-3700

Barbara J. Hart
Christopher J. McDonald
GOODKIND LABATON RUDOFF &
    SUCHAROW, LLP
100 Park Avenue
New York, NY  10017
Telephone:  (212) 907-0700

- 15 -

Jeffrey L. Kodroff
Theodore M. Lieveman
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Telephone:  (215) 496-0300

***Proposed Interim Co-Lead Counsel for Plaintiffs***

James R. Malone, Jr.
Michael D. Gottsch
Daniel B. Scott
Timothy N. Mathews
CHIMICLES & TIKELLIS LLP
361 W. Lancaster Avenue
Haverford, PA  19041
Telephone:  (610) 642-8500

Ellen Meriwether
Bryand L. Clobes
MILLER FAUCHER & CAFFERTY LLP
One Logan Square
18th & Cherry Streets, Suite 1700
Philadelphia, PA  19103
Telephone:  (215) 864-2800

L. Kendall Satterfield
Richard M. Volin
FINKELSTEIN, THOMPSON &
LOUGHRAN
1050 30th Street, N.W.
Washington, D.C.  20007
Telephone:  (202) 337-8000

Robert S. Schachter
Joseph Lipofsky
Paul Kleidman
ZWERLING, SCHACHTER &
ZWERLING, LLP
41 Madison Avenue, 32nd Floor
New York, NY  10010
Telephone:  (212) 223-3900

Richard Kirschner
KIRSCHNER & GARTRELL
4910 Massachusetts Ave., NW, Suite 215
Washington, D.C.  20016
Telephone:  (202) 775-0087

Ronald S. Goldser
ZIMMERMAN REED, PLLP
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402
Telephone: (612) 341-0400

Jason J. Thompson
CHARFOOS & CHRISTENSEN, P.C.
5510 Woodward Avenue
Detroit, MI 48202
Telephone: (313) 875-8080

Jeffrey S. Goddess
ROSENTHAL MONHAIT GROSS &
 GODDESS, P.A.
919 Market Street, Suite 1401
Wilmington, DE 19801
Telephone: (302) 656-4433

*Attorneys for Plaintiffs*