IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PENNSYLVANIA EMPLOYEES BENEFIT TRUST FUND, on behalf of itself and all others similarly situated,<br><br>         Plaintiff,<br><br>v.<br><br>ZENECA, INC. and ASTRAZENECA PHARMACEUTICALS, L.P.<br><br>         Defendants. | Civ. No. 05-075-SLR |

*(additional case captions appear on next page)*

**PLAINTIFFS' PROPOSED DISCOVERY PLAN SUBMITTED
FOR JUNE 23, 2005 SCHEDULING CONFERENCE**

        Pamela S. Tikellis (D.S.B.A. No. 2172)
        A. Zachary Naylor (D.S.B.A. No. 4439)
        Robert R. Davis (D.S.B.A. No. 4536)
        CHIMICLES & TIKELLIS LLP
        One Rodney Square
        P.O. Box 1035
        Wilmington, DE 19899
        Telephone: (302) 656-2500
        Facsimile: (302) 656-9053

DATED: June 21, 2005

| | |
|---|---|
| LINDA A. WATERS, Commissioner, Offices of Financial and Insurance Services for the State of Michigan in her capacity as Rehabilitator of The Wellness Plan and in her capacity as Liquidator of Michigan Health Maintenance Organization Plans, Inc., formerly known as OmniCare Health Plan, Inc., individually and on behalf of all others similarly situated,<br><br>                                      Plaintiff,<br><br>v.<br><br>ASTRAZENECA PHARMACEUTICALS, L.P. and ZENECA, INC.<br><br>                                      Defendants. | No. 05-196-SLR |
| JOSEPH MACKEN, on behalf of himself and all others similarly situated,<br><br>                                      Plaintiff,<br><br>v.<br><br>ASTRAZENECA PHARMACEUTICALS, L.P. and ZENECA, INC.<br><br>                                      Defendants. | Civ. No. 05-220-SLR |

## ORDER

This ____ day of _____, 2005, the Court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange by July 21, 2005 the information required by Fed. R. Civ. P. 26(a) (1) and D. Del. LR 16.2, and that information identified in this Court's order of May 19, 2005. [**The Court ordered certain disclosures in its May 19, 2005 order (D. 19) and Defendants moved to delay these disclosures until after their motion to dismiss. The Court denied Defendants'**

- 1 -

motion. (D. 23) Defendants' Proposed Scheduling Order persists, for the third time, in delaying disclosures until after their yet-to-be filed motion to dismiss is resolved.]

    2. **Discovery.**

        (a) Initial discovery will be needed on the following subjects:

            Marketing plans for Nexium and the defendants' plan to replace Prilosec sales with Nexium sales;

            Analysis of the efficacy of Nexium versus Prilosec and other PPIs;

            Internal training of sales persons with respect to the promotion of Nexium;

            Promotional and detail material provided to doctors;

            Sales person's detail reports and related documents;

            Promotions and advertisements to consumers;

            Surveys and studies of the effectiveness of the promotion of Nexium;

            Market share studies;

            Revenues and profits of Nexium;

            Communications with the FDA regarding Nexium;

            Issues related to Class Certification.

[Defendants proposed a bifurcation of merits and class discovery and proposed that no discovery shall commence until after their yet-to-be filed motion to dismiss. Plaintiffs opposed Defendants' stay motion (D. 22) and the Court denied the motion. (D. 23.) Plaintiffs do not believe that such a stay is appropriate for the reasons set forth in their opposition to the motion for a continuance. (D. 22.)

Plaintiffs also believe that a merits/class bifurcation is unnecessary and will involve unnecessary wrangling over where to draw the line as well as result in duplication of discovery of witnesses including third parties.]

(b) All discovery shall be commenced in time to be completed by June 1, 2006. **[Defendants set no merits discovery cutoff but instead have a roughly ten-month schedule just on class issues.]**

(c) Maximum of 75 interrogatories by each party to any other party. **[Defendants propose 50.]**

(d) Maximum of 75 requests for admission by each party to any other party. **[Defendants propose 50.]**

(e) Maximum of 35 depositions by plaintiff and 35 by defendant. **[Defendants propose 50 in just Phase 1.]**

(f) Each deposition limited to a maximum of 7 hours unless extended by agreement of parties.

(g) Reports from retained experts under Rule 26(a) (2) on issues for which any party has the burden of proof due by June 1, 2006. Rebuttal expert reports due by July 1, 2006. **[Defendants address only class certification experts.]**

(h) **Discovery Disputes.** Any discovery dispute shall be submitted to the court pursuant to Fed. R. Civ. P. 37. During the course of discovery, each party is limited to **two (2)** Rule 37 motions. The court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

3. **Joinder of other Parties, Amendment of Pleadings, and Class Certification.** All motions to join other parties, amend the pleadings, and certify a class action shall be filed on or before September 15, 2005, assuming there is a prompt and timely discovery process on class issues. At that time, Plaintiffs will also file any expert submissions on class certification. Defendants' response shall be due sixty days thereafter, including expert submissions. Plaintiffs' reply materials, including expert

submissions, shall be due thirty days thereafter. **[Defendants proposed a 260-day class certification schedule.]**

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before **[dependent on trial date]**. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court.

6. **Applications by Motion.** Any application to the court shall be written motion filed with the clerk. Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to chambers. **Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.**

7. **Motions *in Limine*.** All motions *in limine* shall be filed on or before **[two weeks before pretrial conference]**. All responses to said motions shall be filed on or before **[one week before pretrial conference]**.

8. **Pretrial Conference.** A pretrial conference will be held on _____ at _____ _.m in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

9. **Trial.** This matter is scheduled for a [day/week] bench/jury trial commencing on September __, 2006 in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations,

the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge